(99 South. 196)
**BARKLEY v. BOYD et al.**    (3 Div. 637.)

(Supreme Court of Alabama.   Jan. 24, 1924.
Rehearing Denied Feb. 14, 1924.)

**1. Pleading ⬯8(16)—Bill pleading undue influence not demurrable for failure to detail acts.**

A bill praying relief on the ground of undue influence is not subject to demurrer for failure to aver the acts of undue influence in detail.

**2. Pleading ⬯8(16)—Bill to cancel deed for undue influence held sufficient, though not stating acts constituting undue influence.**

A bill to cancel a deed on the ground of undue influence, alleging that the grantor had reposed faith and confidence in the grantee, that grantor was a woman more than 70 years of age, alone in the world, and had faith in and trusted the grantee, and that by reason of undue influence of grantee, grantor was induced to convey her property to the grantee, *held* sufficient, on general demurrer, notwithstanding failure to aver the acts of undue influence in detail.

**3. Deeds ⬯72(1)—Question of undue influence depends on circumstances of particular case.**

The question of whether a deed will be set aside on the ground of undue influence depends upon the circumstances of the particular case.

**4. Deeds ⬯203—Much latitude allowed in testimony on question of undue influence.**

Undue influence as ground for cancellation of a deed, is a species of constructive fraud difficult of direct proof, and much latitude is allowed in testimony thereof.

**5. Deeds ⬯211(4)—Improvidence and inadequate consideration considered on question of undue influence.**

The fact that a transaction was an improvident one, and that the consideration was inadequate, are matters to be given due consideration on the question of whether a deed was procured by undue influence.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Deeds ⬤⟞196(3)—Burden of proof on question of whether deed was procured by undue influence held on grantee.**

In an action to cancel, on ground of undue influence, a deed of a 75 year old grantor in feeble health, to grantee in whom grantor had reposed great confidence, in which there was evidence that the grantor was more or less alone in the world, and was a woman of very low mentality, incapable of business transactions, and that the grantee was very active in the execution of the deed, procured the grantor's transportation to the office of grantee's attorney, and paid the attorney his fee, and that the grantor did not consult her attorney, the grantee had the burden of proving that the transaction was the result of the exercise of the grantor's own free will.

**7. Appeal and error ⬤⟞1009(1)—Finding of fact not disturbed unless plainly palpably wrong.**

Where the court below in a suit to cancel a deed for undue influence, saw and heard the witnesses, its finding of fact is given the weight of a verdict of the jury on appeal, and will not be disturbed unless palpably wrong.

**8. Deeds ⬤⟞211(4)—Finding that deed was procured by undue influence held sustained.**

In a suit to cancel a deed on the ground of undue influence of grantee, who in consideration thereof agreed to support the grantor during the remainder of her life, evidence *held* to sustain finding of undue influence.

**9. Appeal and error ⬤⟞1048(2)—Admission of evidence harmless, where other evidence sustains judgment.**

The admission of testimony as to statements made by a person since deceased, though incompetent under Code 1907, § 4007, was harmless, where there was sufficient other evidence to sustain the judgment.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by B. F. Boyd and another against Fannie M. Barkley, for cancellation of a deed, etc. From a decree for complainants, respondent appeals. Affirmed.

See, also, 210 Ala. 466, 98 South. 463.

The bill avers:

"That on September 8, 1920, Elizabeth V. Videto and the said Fannie M. Barkley entered into a parol contemporaneous agreement in reference to the conditions of the execution and delivery 'of a warranty deed to the said above-described property by the said Elizabeth V. Videto to Fannie M. Barkley, which was on said day and date executed and delivered and thereafter on, to wit, December 1, 1920, said parol agreement was reduced to writing," etc.

It is further averred that Elizabeth Videto, an old woman, more than 70 years of age, alone in the world, being obsessed with a fear that she would become helpless, was persuaded by Fannie M. Barkley to execute the deed and agreement in question, with the promises and assurances of the latter that all the conditions of the sale would be fully complied with. And it is averred:

"That Elizabeth V. Videto and Fannie M. Barkley were friends, and had been friends for a long period of time, and Elizabeth V. Videto reposed faith and confidence in the said Fannie M. Barkley, and trusted her, and, having such faith in the said Fannie M. Barkley, and by reason of an undue influence acquired by Fannie M. Barkley over Elizabeth V. Videto, she was induced to transfer her property worth, to wit, $6,000, with a rental value of fifty to sixty dollars per month, to her, under the [agreement] marked Exhibit B, for a recited consideration of $10, which orators are informed and believe, and on such information aver, was never paid," etc.

Brassell & Brassell, of Montgomery, for appellant.

The allegations of the bill as to undue influence are insufficient when challenged by demurrer. Olson v. Olson, 200 Ala. 56, 75 South. 313; McDonald v. Pearson, 114 Ala. 630, 21 South. 534; Loucheim v. Bank, 98 Ala. 521, 13 South. 374; Reynolds v. Coal Co., 100 Ala. 296, 14 South. 573; 3 Mayfield's Dig. 826. The undue influence which will avoid a will must amount to coercion or fraud. Bancroft v. Otis, 91 Ala. 290, 8 South. 286, 24 Am. St. Rep. 904; Dunlap v. Robinson, 28 Ala. 100; Jackson v. Rowell, 87 Ala. 685, 6 South. 95, 4 L. R. A. 637; Shipman v. Furniss, 69 Ala. 555, 44 Am. Rep. 528. Witnesses are prohibited from testifying to statements made by a deceased person, whose estate is interested, and where the witness is interested. Code 1907, § 4007; Stuckey v. Bellah, 41 Ala. 700; Guin v. Guin, 196 Ala. 221, 72 South. 74.

W. A. Jordan, of Montgomery, for appellees.

It is not necessary, where undue influence is charged, to allege with particularity the quo modo the result was accomplished. Letohatchie Church v. Bullock, 133 Ala. 548, 32 South. 58; McLeod v. McLeod, 137 Ala. 267, 34 South. 228; Phillips v. Bradford, 147 Ala. 352, 41 South. 657; Alexander v. Gibson, 176 Ala. 261, 57 South. 760; Strickland v. Strickland, 206 Ala. 452, 90 South. 345. The burden of proving that the transaction was fair and righteous is on the one receiving the benefit. Shipman v. Furniss, 69 Ala. 556, 44 Am. Rep. 528; Bancroft v. Otis, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; Kyle v. Perdue, 95 Ala. 579, 10 South. 103; Kidd v. Williams, 132 Ala. 140, 31 South. 458, 56 L. R. A. 879; Cannon v. Gilmer, 135 Ala. 305, 33 South. 659.

The decree here will not be disturbed unless plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Thompson v. Collier, 170 Ala. 469, 54 South. 493;

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McClellan v. McClellan, 203 Ala. 514, 84 South. 750.

GARDNER, J. This is an appeal from the decree canceling a certain deed executed by Elizabeth Videto to Fannie M. Barkley, dated September 8, 1920, conveying real estate situated on the corner of Burton avenue and Decatur street, in the city of Montgomery. The bill was filed by B. F. Boyd, nephew of Elizabeth Videto, and his wife, to whom the land embraced in the above-mentioned deed was devised by the said Elizabeth Videto, in her will executed June 27, 1921, which will has been duly admitted to probate; the said testatrix having died in the month of August, 1921.

The deed of September 8, 1920, was executed upon a recited consideration of $10, and the further consideration that the grantee, Fannie M. Barkley, should provide that which was necessary for the grantor's comfort and well being during the remainder of her life. On May 11, 1921, Fannie M. Barkley executed a mortgage upon the property in consideration of a loan of $1,500, and on October 29th, thereafter, executed another mortgage in consideration of $1,000 advanced by the mortgagee of the first mortgage. The bill admits the binding force of the mortgage of May 11, 1921, but attempts to have the mortgage of October 29th canceled upon the ground that the mortgagee had full notice. The court below denied relief as to this mortgage, but granted to complainants the relief sought as to the cancellation of the deed of September 8, 1920, resting the conclusion upon the finding that the same had been procured by the exercise of undue influence. The appeal is by the respondent, and no question as to the mortgage is therefore here presented for consideration.

[1, 2] It is first insisted by counsel for appellant that the bill was insufficient as one seeking a cancellation of the instrument upon the ground of undue influence, in that the facts constituting undue influence are not sufficiently set forth. It is now the settled rule in this state that a bill praying relief on the ground of undue influence is not subject to demurrer for a failure to aver the acts of undue influence in detail. The bill as amended is sufficient in this respect in its averments under the authorities of Strickland v. Strickland, 206 Ala. 452, 90 South. 345; Pilcher v. Surles, 202 Ala. 643, 81 South. 585. No error therefore in this respect is here shown.

As to the merits of the cause, much evidence was submitted by the respective parties and the witnesses (with but one exception) examined orally before the court.

[3, 4] The question of undue influence depends upon the circumstances of each particular case. It is a species of constructive fraud, difficult of direct proof, and much latitude is allowed in the testimony. Chandler v. Jost, 96 Ala. 596, 11 South. 636; Coghill v. Kennedy, 119 Ala. 641, 24 South. 459. To discuss the evidence would serve no useful purpose, and such has not been the practice of this court since the passage of the act of 1915, p. 594. Underwood v. Underwood, 200 Ala. 690, 77 South. 233.

A very brief reference to some of the salient features will suffice. The grantee was no relation to the grantor, but there existed between them a close friendship of many years standing. The grantor was at the time of the execution of this deed about 75 years of age, and in very feeble health. She and her husband had been living separate and apart for about two years prior thereto, and she was without child, and more or less alone in the world. There is evidence tending to show that she was of very low mentality, very childish, and, indeed, her physician so testified, and further stated that in his opinion she was incapable of business transactions. Her condition was described by others as hysterical, and she appeared to be obsessed with the fear she would be stricken and die unattended. It is evident the grantor reposed much confidence in her long-time friend Mrs. Barkley, and, indeed, the execution of the deed upon the conditions therein named is very good evidence of such confidence and trust, for, as said in the quotation found in Russell v. Carver, 208 Ala. 219, 94 South. 128, in contracts of this character:

"The parties do not contemplate a mere contract, but an obligation binding on conscience as well as in law. The arrangement rests in confidence on the part of the grantor."

[5] The testimony for the complainants tends to show that this property had a valuation of about $7,000, renting for $60 a month. It embraced practically the entire estate of the grantor, and, in view of her advanced age and enfeebled physical condition, it appears quite evident that the transaction was an improvident one, and the consideration inadequate. These are matters to be given due consideration. Pilcher v. Surles, supra.

[6] There was evidence tending to show the grantee had been very attentive, and made attractive representations as to the contemplated arrangement. There is also shown activity on the part of the grantee in the execution of the deed—she with her son for this purpose carrying the grantor to the office of her own attorney, the fee for the services being also paid by the grantee. The grantor had an attorney in the city, with whom she had consulted for a number of years upon matters of both trivial and serious importance, but as to this particular transaction he was not consulted. The inference is entirely justified by the proof that the grantee was the superior and dominant mind. Under the tendencies of the evidence

above outlined, the burden of proof was cast upon the defendant to show the transaction was the result of the exercise of the grantor's own free will. Juzan v. Toulmin, 9 Ala. 662, 44 Am. Dec. 448; Betz v. Lovell, 197 Ala. 239, 72 South. 500; Scarbrough v. Scarbrough, 185 Ala. 468, 64 South. 105; Cox v. Martin, 193 Ala. 401, 69 South. 500; Burke v. Taylor, 94 Ala. 530, 10 South. 129. It is clear the grantor had no independent and competent advice.

[7] The trial court reached the conclusion that the defendant had not otherwise sufficiently met this burden of proof. The evidence has been here examined with much care. The court below saw and heard the witnesses, and his finding of fact is therefore to be given the weight of the verdict of a jury, and not to be disturbed unless plainly and palpably wrong. Murphy v. Crenshaw, 210 Ala. 603, 98 South. 870.

[8] The conclusion has been reached that the finding of the trial court should not be here set aside, and that the decree should be accordingly affirmed.

[9] We have not overlooked the insistence of counsel for appellant that there was error in the admission of the evidence of Mrs. Boyd as to certain statements made by the grantor upon the ground of Mrs. Boyd's interest, and in view of section 4007 of the Code of 1907. In the decree rendered, there appears no ruling upon any question of evidence. In view of the fact, however, that we are of the opinion the evidence before the trial judge was sufficient to sustain his finding, exclusive of these declarations, a determination of this question of evidence is unnecessary, as it would in no manner affect the result of this appeal.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.