(98 South. 870)

## MURPHY v. CRENSHAW. (3 Div. 629.)

(Supreme Court of Alabama. Jan. 24, 1924.)

Appeal and error ⚫1011(1)—Findings of court treated as verdict of jury.

Findings of the court on conflicting and oral testimony must be considered as a verdict of the jury, and cannot be overturned unless plainly and palpably wrong.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by Bob Murphy against William Crenshaw, for accounting and redemption from a mortgage. From a decree for respondent, complainant appeals. Affirmed.

C. E. O. Timmerman, of Montgomery, for appellant.

Counsel argues the facts of the case, and cites no authorities.

L. A. Sanderson, of Montgomery, for appellee.

The decree is like the verdict of a jury, and should not be disturbed. Grubbs v. Hawkins, 208 Ala. 349, 94 South. 484; Wilkerson v. Sorsby, 208 Ala. 345, 94 South. 481; Burke v. Burke, 208 Ala. 502, 94 South. 513.

GARDNER, J. The original bill by appellant sought an accounting and redemption from a mortgage executed by complainant to respondent on November 4, 1922, on certain personal property therein described. The bill alleged that this mortgage was given to secure a sum paid by respondent to one Thrasher for complainant in satisfaction of complainant's indebtedness to said Thrasher, which was likewise secured by a mortgage on practically the same personalty.

The answer denies that the mortgage described in the bill was given to secure the sum paid by respondent to said Thrasher, but that said mortgage was given as security for the indebtedness due by complainant to respondent arising from certain advances made to complainant as a tenant on respondent's place. It is also alleged that as to the Thrasher mortgage the same was duly transferred to respondent upon the payment thereof by complainant, and that, therefore, respondent holds the two mortgages as security for the two separate and distinct indebtednesses. The answer was made a cross-bill and foreclosure prayed.

The evidence was taken orally before the court and the issues of fact determined in favor of the respondent, and a final decree rendered denying relief prayed in the original bill, and granting the cross-complainant the relief sought in the cross-bill. From this decree the original complainant has prosecuted this appeal.

As to the amount of indebtedness found due to cross-complainant, the evidence is clear, and, indeed, without serious dispute, and the attack upon the decree of the trial court seems to be directed to the finding that in fact the cross-complainant held the two mortgages for the two separate debts. This issue of fact was in sharp and irreconcilable dispute, the testimony of complainant and respondent upon this particular issue being diametrically opposed. As previously noted, the witnesses were examined orally before the court, and under such circumstances the finding of the court is to be here considered as the verdict of a jury. Ray v. Watkins, 203 Ala. 683, 85 South. 25; Grubbs v. Hawkins, 208 Ala. 349, 94 South. 484. To overturn it, the finding must appear to be plainly and palpably wrong.

A discussion of the evidence would serve no useful purpose, but suffice it to say that, upon due consideration thereof, we are not persuaded the finding of the trial court should be here disturbed. The decree appealed from will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.