MARGARET CARLETON *versus* HENRY LOVEJOY.

By the common law, the personal property of the wife, which she had in possession at the time of the marriage, in her own right, such as money, goods and chattels, and moveables, vested immediately and absolutely in the husband upon such marriage.

Actual or constructive delivery is essential to constitute a valid gift whether *inter vivos* or *causa mortis.*

When personal property comes rightfully into the possession of the defendant, a demand and refusal are prerequisites to the maintenance of trover for its value.

ON EXCEPTIONS from *Nisi Prius.*

TROVER for the value of numerous articles of household furniture and dress, including a brass fire-set belonging to the plaintiff and borrowed of her by the defendant's former wife in her lifetime.

The plaintiff testified, that the defendant's second wife was her sister, that she died March, 1864, that she sent particularly for the plaintiff about a fortnight before her decease, and gave her the furniture, and other articles specifically named in the writ, that, being feeble, she did not go over the house to show them to the plaintiff, but expressed the wish that the latter would do so. She further testified that the defendant was absent at the time, that when he returned, she communicated the facts to him and he agreed to carry the things to plaintiff's house, that the plaintiff took some things, that she subsequently called for the others and the defendant refused to deliver them. The plaintiff also testified as to the value of each article, that her said sister bought most of the articles sued for before her marriage, in 1843, and the remainder since, with her earnings. Plaintiff also testified, in cross-examination, that the defendant's wife gave her the things the day before she left, that no one else was present, that the plaintiff and defendant's wife were sitting in the kitchen when the gift was made, that her sister said she wanted plaintiff and another sister to have all her things, that she was not able to talk

any more, she was so feeble. There was no evidence of any demand for the fire-set.

*Mary J. Averill*, called by the plaintiff, testified that she saw defendant when he carried plaintiff home, and that he said he could not bring down the other things until better travelling. Plaintiff replied that the parlor furniture might remain during the summer, that she wanted the spoons and ottoman, and would go up soon and see about them, he said come up.

The plaintiff rested; whereupon the presiding Judge ordered a nonsuit, and the plaintiff alleged exceptions.

*A. G. Stinchfield*, for the plaintiff.

*S. Lancaster*, for the defendant.

APPLETON, C. J. — This is an action of trover for various articles of personal property particularly described in the writ. The plaintiff claims title thereto under an alleged gift of the same from her sister, the wife of the defendant, made shortly before her decease.

The goods in controversy consist principally of articles of household furniture and of dress. They were purchased by the wife before marriage, or since with the funds of her husband.

The marriage took place before the passage of any Act conferring rights upon or removing the disabilities of married women. The title to the property in dispute must be determined by the rules of the common law, as existing before they were changed or modified by statute.

By the common law, the personal property of the wife, in possession at the time of the marriage, in her own right, such as money, goods and chattels, and moveables, vested immediately and absolutely in the husband upon such marriage. 2 Kent, 143. The defendant is not shown to have parted with his title. His wife, then, had nothing to give.

If it were otherwise, a delivery is necessary to constitute a valid and effective gift, whether *inter vivos* or *causa mortis*. Without actual or constructive delivery, the title

does not vest. The owner must part with all present and future dominion over the property. *Marston* v. *Marston*, 1 Foster, 491; *Dole* v. *Lincoln*, 31 Maine, 422; *Allen* v. *Polereczky*, 31 Maine, 338. The proof fails to show any valid gift. The gift must be complete. *Jones* v. *Lock*, 1 Law Rep. Chy. Ap., 24. "To constitute a title of this kind," remarks SARGENT, J., in *Cutting* v. *Gilman*, 41 N. H., 151, "under a gift *causa mortis*, the donor must not only give, but he must deliver, and the delivery must be actual when the subject matter of the gift is capable of actual transfer."

It is in evidence that the wife of the defendant borrowed a fire-set of the plaintiff. When, it does not appear. The fire-set came rightfully into the defendant's possession. No demand upon him for the property is shown. No act of conversion by him is established.

*Exceptions overruled.* — *Nonsuit to stand.*

CUTTING, WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.