### JOSEPH MORRIS *vs.* P. PETERO.

#### ON QUESTIONS RESERVED.

J. M. WAS SUED in ejectment for a piece of land bought by him of P. P. by a warranty deed, and gave notice to P. P. to defend, which he refused to do, and J. M. consented to judgment. J. M. thereupon brought an action against P. P. on his covenant of warranty, to recover the purchase money paid and amount of damage suffered by the judgment recovered in the action of ejectment;

HELD, the judgment in the former action was good though obtained by consent, the then defendant having given his grantor notice to defend, and he refusing so to do, and no fraud appearing.

*Also,* plaintiff entitled to recover the damages and costs and counsel fees paid by him in the former suit. The former judgment is conclusive evidence of the amount of damages.

*Also,* in such an action the defendant is not bound by the consideration recited in the deed, but may show the actual consideration paid.

Opinion of the Court by McCULLY, J., upon questions reserved, as per the following statement:

"In this cause the jury were directed by the Court to return a verdict for the plaintiff—for $150, amount of the consideration expressed in the deed upon which the action was brought; $168.75, amount of damages and costs paid by the plaintiff in the action of ejectment; and $50 counsel's fees paid in that action; total, $368.75—subject to the opinion of the Court upon the following reserved points:

"First—Whether the judgment obtained against the plaintiff by consent is a good and valid judgment against the now defendant; the plaintiff having given the defendant notice of the action and requiring the defendant to defend, and he refusing to do so.

"Second—It being admitted that the defendant's grantor was entitled to a dower interest in the land, whether the plaintiff is entitled to recover the whole or any of the purchase money?

"Third—Whether the defendant is entitled to have deducted from the damages or interest the value of the stones, sold by him, taken from the land before the ejectment suit?

"Fourth—Whether in this action the defendant cannot show a different consideration from that expressed in the deed?

"The above points, with all the papers in the cause, are hereby certified to the Supreme Court in Banco at the present term."

By the said papers it appears that this is an action on a warranty covenant in a deed from defendant to the plaintiff to recover the purchase money paid, and the amount of damages suffered by a judgment recovered in an action of ejectment at the April term.

The first reserved point raises the question whether the judgment obtained against the plaintiff is valid, and the Court is thereby referred to the record of proceedings in that case, by which it appears that one Naai, w., her husband, Kaaua, joining, brought action of ejectment against the present plaintiff. No answer was filed, but on the 4th of April the following agreement was filed:

" Consent is hereby given that judgment for the plaintiff be entered herein as prayed for, and that damages to the amount of one hundred and fifty dollars for the detention of 'the land be awarded to the plaintiff.

"(Signed) Joseph Morris, by Cecil Brown, his Attorney.

"(Signed) E. Preston, plaintiff's Attorney."

Defendant's counsel now claims that this judgment is invalid, because made by consent of the attorney without authority in writing from his client; that it is not within the power of an attorney-at-law to bind his client to a voluntary judgment. He cites Section 1069, of the Civil Code: "The practitioners so licensed shall have control to judgment and execution of all suits and defenses confided to them: provided, however, that no such practitioner shall have power to compromise, arbitrate and settle such matters confided to him, unless upon such special authority in writing from his own client." But in the present case, Morris does not object to, but confirms the act of his attorney in this behalf. If the judgment would have been valid, if Morris had previously given a written authority to do what has been done without it, and which he ratifies, it is difficult to see on what grounds a third party shall be permitted to claim that it is invalid. The rights of the third party, this defendant, are those of the covenantor in a deed, to be notified of the pendency of the action against his grantee and to be called upon to defend. This was done in this case. If Petero had come in he might have made the several points of defense, or in diminution of the amount of damages which he proposes to make, if the judgment shall be opened. It does not appear that there was fraud or collusion on the plaintiff's part, or on the part of his attorney, in not proceeding to trial and setting them. up. Morris being sued in ejectment, and it being shown that the claimants against him had a good title, and that his own was insufficient, and so it being evident that he could not sustain a defense, he makes none, but, by his attorney assents to a

4

judgment on terms which do not appear unreasonable or fraud-
ulent, and without incurring the additional costs of a jury trial.
It is not claimed by Petero that another result must have
been reached by trial and judgment on verdict. The para-
mount title ousted plaintiff, and must have done so, and Petero
had refused to make any defenses against assessment of dam-
ages by reason of the dower interest or value of stones sold
from the land.

Some authorities, to show the effect of a judgment recov-
ered on a covenant when the covenantor has notice, are:
Littleton *vs.* Richardson, 34 N. H., Bell, J., thus states the
law: " Where a person is responsible over to another, either
by operation of law or by express contract, and he is duly
notified of the pendency of the suit, and requested to take
upon him the defense of it, he is no longer regarded as a
stranger, because he has the right to appear and defend the
action, and has the same means and advantages of controvert-
ing the claim as if he was the real and nominal party upon the
record. In every such case, if due notice is given to such
person, the judgment, if obtained without fraud or collusion,
will be conclusive against him whether he has appealed or
not." In the City of Boston *vs.* Washington, 10 Gray 496,
Metcalf, J., says of the foregoing: " So far the adjudications
are conclusive."

Hamilton *vs.* Cutts, 4 Mass., 348, is a case where the tenant
consented to ouster without action brought. The Court say
of it, " There is no necessity for him to involve himself in a
lawsuit to defend himself against a title which he is satisfied
must ultimately prevail, but he consents at his own peril. If
the title to which he has yielded be not good, he must abide
the loss, and in suit against the warrantor the burden of proof
will be on the plaintiff, although it will be otherwise in case
of an eviction by force of judgment at law with notice of the
suit to the warrantor. For in such case unless it be obtained
by fraud, the judgment will be plenary evidence."

Joseph Morris *v*. P. Petero.

Petero, therefore, having received notice and refusing to defend, there being no showing of fraud, and the assent to judgment being a lawful one as made, must be held concluded by the former judgment, and responsible for the second and third items above, viz: $168.75 and $50.

As to whether in this action the defendant may show a different consideration from that expressed in the deed, the prevailing American authorities are that the grantor is not estopped by the consideration expressed, for it is arbitrary and is frequently different from the real consideration. In like manner the acknowledgment of receipt of payment, although under seal, is liable to be impeached as a common receipt. Nor does the admission of parol evidence conflict with the statute of frauds, for it does not affect the contract for the sale of lands, but only the money arising out of that contract. When, therefore, a consideration is expressed in the deed it is mere *prima facie* evidence which may be rebutted or controlled by parol proofs as to the amount and fact of payment, not for the purpose of defeating the conveyance, but for the purpose of ascertaining damages to which a plaintiff may be entitled for breach of covenant. Such language is used in Wilkinson *vs*. Scott, 17 Mass., 249; Clapp *vs*. Tirrell, 20 Pick., 247; Morse *vs*. Shattuck, 4 N. H., 229.

In McCrea *vs*. Purmont, 16 Wend., 490, Cowen J. extensively discusses this point. Premising that there is certainly a greater conflict of authority than he had supposed, and expressing surprise that after much litigation it remained so far open (1836), he reviews the American decisions, those above cited among many others, with the result that, after some earlier decisions holding that such a clause is conclusive, the Courts now sustain the doctrine that the recital was not an estoppel to the admission of parol evidence (except only the Courts of the State of North Carolina), and the New York Court of Appeals held parol evidence to be admissible. The English decisions, however, were conflicting. Looking at

Baker *vs.* Dewey, 1 Barn. & Cres., 705 (1823), Bayley J. says that a party who executes a deed in which it is expressly stated that the consideration money has been paid is estopped in a Court of law from saying that the fact is not truly stated. Holroyd J. says "both parties are estopped by the deed from saying that the whole purchase money was not paid," and Best J. says that parol evidence of a fact wholly inconsistent with the statement of the deed ought not to have been received in evidence.

Greenleaf's Ev. 1, Sec. 26, 13th edition, assembles the principal authorities, English and American, and states the result to be that in England the recital is regarded as conclusive evidence of payment binding parties by estoppel, but that the weight of American authorities is in favor of treating the recital as only *prima facie* evidence of the amount paid in an action of covenant by the grantor to recover back the consideration, or in an action of assumpsit by the grantor to recover the price which is yet unpaid—and the recital is not even *prima facie* evidence of payment when the deed is attacked as fraudulent by creditors of the grantor.

In this conflict of English and American authority, the Court here must elect that of which the reason most commends itself.

Several considerations lead us to adopt the rule as established in the American Courts. Thus that the admission of proof as to the amount of the consideration stands upon the same footing with the admission of proof that the acknowledgment of payment is not true. "This always makes part of the premises and is seldom true; for in most cases credit for the whole or for a part is given. And if the grantor is bound by this expression, no remedy would be found for cases of error and mistake, which undoubtedly often occur." Wilkinson *vs.* Scott. In like manner the date of the deed.

If such matters can be shown in a proceeding in equity, and if not inconsistent with the essential principles of actions

at law, then modern jurisprudence favors their admission in the latter, for the tendency of Courts and legislation is to simplicity and directness of practice. This Court has in many instances inclined to admit equitable principles into law actions, and on this ground alone might well admit proof in an action to recover the purchase money, to rebut the *prima facie* evidence of the statement in the deed.

We therefore hold for the defendant on the fourth reserved ·question, and for the plaintiff on the other three.

Judgment on the verdict, in accordance with these principles, for $268.75 and costs.

E. Preston for plaintiff.

W. C. Jones for defendant.

Honolulu, January 4th, 1878.