KANAKANUI and KAUPALOLO *vs.* F. L. LESLIE.

In Equity.    Appeal From Chancellor Judd.

January Term, 1888.

Judd, C.J., McCully, Preston, Bickerton and Dole, JJ.

On a bill to set aside a conveyance of land on the ground of fraud, the evidence showed that the deed was understandingly executed and the alleged secret trust not disclosed or proved, and the bill was therefore dismissed.

Failure to pay the consideration named in the deed is not ground for annulling it.

Opinion of the Court, by Preston, J.

We have carefully considered the pleadings and evidence in this case, and the arguments of counsel, and see no reason to differ from the conclusions arrived at by the Chancellor.

We are of the opinion that the plaintiffs have failed to prove the allegations made in their bill, and therefore affirm the decree appealed from.

The appeal is dismissed with costs, but without prejudice to any other proceedings the plaintiffs may be advised to take to enforce any supposed rights they may think' they have in the matter.

*W. C. Achi*, for plaintiffs, appellants.

*F. M. Hatch*, for defendant, respondent.

OPINION OF CHANCELLOR JUDD, APPEALED FROM.

This is a bill in equity to set aside a deed on the ground of fraud, which is alleged to be, that defendant and his brother-in-law, George Freidenberg, persuaded one Kaae, (w.) now deceased, and Kanakanui, (plaintiff) her husband, to convey certain premises in Kapuukolo, Honolulu, to him, Leslie, for the fictitious consideration of fifteen hundred dollars, in order that he might be the agent of the grantors to recover of the Government damages for such portion of the premises as it might take for a road.

The great fire, which destroyed several houses on this land, occurred on the 18th day of April, 1886, and the deed in question was executed on the 28th of April.

The evidence on the part of the plaintiffs is to the effect that these representations were made and that no money was ever paid for the land. The evidence for the defendant is to the effect that no such representations were made, but that a genuine sale of the premises was accomplished and the full consideration of fifteen hundred dollars was paid.

Most of the testimony is upon the question whether the consideration was paid, and it is exceedingly conflicting : developing, I regret to say, gross perjury on one side or the other.

But I have come to the conclusion derived from witnesses that are disinterested, that the deed was executed understandingly by the grantors, and a bona fide sale effected. The secret trust, if any existed, was not disclosed by the grantors when the deed was read and explained to them by Mr. Monsarratt. I think they would naturally have done so when they found that the deed was silent on this matter. There is no evidence by the plaintiff, Kanakanui, whose testimony is mainly relied upon, that he was cautioned not to mention it when the deed should be read. In fact his conduct in quitting the land after his wife's death, upon notice to him by Leslie, is consistent with the view that a sale was intended, and Leslie's conduct in dealing with the tenants on the land, even before Kaae's death, is also consistent with this view.

That Leslie did not claim possession of the land from Kaae and Kanakanui in the lifetime of Kaae, is accounted for by the fact that Freidenberg, Leslie's brother-in-law, was living with Kaae, on the premises, as her paramour, and because Leslie did not have at that time any use for the premises with which their possession would interfere.

The question whether the consideration was paid is a grave one, but the mere failure to pay for the land is not of itself a sufficient reason for annulling the deed. Having found that the intention of the parties was to sell the land, upon the testimony of persons who are not involved in the question whether the purchase-money was paid, I have come to the conclusion that the deed must stand. The plaintiffs can have their action for the purchase-money, and I refrain from giving any opinion whether it was paid, as it might prejudice the parties to such an action, as also the case of a charge of conspiracy against two of the witnesses for the plaintiff.

I dismiss the bill.