## JIM AH HOY *v.* J. H. RAYMOND.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 1, 1909.                    DECIDED OCTOBER 22, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

CONTRACTS—*construction.*

Under the agreement, mentioned in the opinion, the plaintiff was not a purchaser from the defendants, but merely their agent to sell beef furnished.

EVIDENCE—*inadmissible to contradict writing.*

In an action at law an instrument purporting to be an absolute assignment can not be shown by parol evidence to have been intended as collateral security only.

JURY—*instructions, ownership.*

When the question of ownership is one of mixed fact and law, its submission to the jury should be accompanied with instructions giving specific definitions of ownership applicable to any findings of facts which the evidence may justify.

DEEDS—*recital of consideration.*

A recital of consideration in a bill of sale can not in the absence of fraud or mistake be contradicted between the parties for the purpose of defeating the operation of the instrument.

FRAUD—*defense at law.*

When in an action at law a party relies upon a bill of sale, the defense that it was obtained by fraud is available to the other party.

CONVERSION—*demand and refusal.*

In an action for conversion of personal property, demand and refusal is necessary when the original taking is lawful, but not when it is wrongful or there is an illegal assumption of ownership or an illegal user.

OPINION OF THE COURT BY PERRY, J.

Plaintiff claims damages, charging that the defendants unlawfully entered certain premises of the plaintiff situated at Wailuku, Maui, took and converted to their use certain hogs,

horses, wagons, weighing machines and other property used by the plaintiff in conducting the business of buying, selling and slaughtering beef cattle and other animals, and excluded the plaintiff from said premises and business and assumed absolute control of the same. At the close of the plaintiff's evidence a nonsuit was granted in favor of the Waterhouse Trust Co., Ltd., and subsequently a jury rendered a verdict for the plaintiff for $2500 against the remaining defendant. Defendant excepts.

At the trial the theories of the parties concerning their respective rights under certain instruments introduced in evidence were widely divergent. A consideration of these instruments will dispose of the main issues in the case. On August 1, 1905, plaintiff and the defendants, James H. Raymond and Phoebe K. Raymond, entered into an agreement in writing whereby the defendants agreed to furnish to the plaintiff beef cattle for a period of five years "to be sold for them in Wailuku on Market street at the place where the" plaintiff "is now located on the following conditions," to wit: "That the number of cattle required are to be delivered each day during the term of this agreement; the dressed weight to be taken on the day of slaughtering by an agent of the party of the first part; that the business of retailing shall be under the supervision of the party of the first part, or their agents; that all cattle belonging to the party of the first part, and kept in their pens in Wailuku, Maui, are to be cared for in a proper manner by the party of the second part by giving them food and water as often as may be required, the party of the first part to pay for all food so purchased at market prices." Further provisions are: "That the commissions to be paid to the party of the second part (the plaintiff) for selling the beef shall be all realized above" certain stated rates per pound for the dressed beef; "the party of the second part acting as agent for the party of the first part shall keep all accounts properly and shall deposit all moneys re-

ceived from day to day from the proceeds of the sale of beef, hides, tallow, etc., in the First National Bank of Wailuku to the credit of the party of the first part; that all outstanding accounts shall be the property of the party of the first part, only to such extent as shall together with the cash receipts realized from the sale of beef hides, tallow, etc., each month, represent the equity of the party of the first part, viz.: the value of the total number of pounds of dressed beef at the prevailing rate as aforesaid stated; settlement to be made on the 15th of each succeeding month.

"The party of the second part agrees to engage in no other business in Wailuku (the sale of pork excepted); and that he shall personally cut the meat and sell at retail in the premises now occupied by him under a lease held by one Quai Lee, situated on Market street in Wailuku, Maui; and that he will not engage in the cutting and selling of meat for himself or any other party without the consent of the party of the first part in writing.

"That all outstanding accounts for beef, hides and tallow sold as they become due shall be turned over to the party of the first part or their agents; that when the party of the first part shall have been paid in full as per the monthly settlement hereinbefore mentioned, then the surplus if any shall become the property of the party of the second part."

This was not an agreement of sale and purchase. Under its terms the plaintiff merely became the agent of the defendants to sell *for them*, as the instrument plainly states, the beef furnished by the defendants. The animals and carcasses delivered at the slaughter house and butcher shop used by the plaintiff continued the property of the defendants. Even the cash proceeds of the daily sales of beef were the property of the defendants as were also all collections from outstanding accounts and it was only the excess remaining on the 15th of each month above the value, at the prescribed rates, of the beef furnished during the preceding month by the defendants to the plaintiff that upon each such settlement became the property of the

plaintiff by way of *commissions* for his services in cutting and selling the beef, in caring for the animals and in doing the other acts required of him by the agreement. Upon the faithful performance of his part of the contract the plaintiff was entitled to receive from the defendants the beef cattle for the period named and the commissions specified; and on the other hand upon breach by him of the agreement the defendants were entitled to terminate it and to discontinue the supply of cattle.

The sale of beef was had upon premises held under lease by one Quai Lee from one Sousa. That lease Quai Lee assigned in writing to defendant James H. Raymond on August 31, 1905. Over defendants' objection parol evidence was admitted tending to show that the assignment was "as security only" for the due payment, presumably, to the defendants of the proceeds of the cattle, and the instructions given on this subject left the jury at liberty to find that the assignment was inoperative as such if it should find from the evidence that the assignment was in truth "as security only." In this there was error. Such an instrument cannot in an action at law be shown by parol evidence to have been intended only as collateral security. The remedy is in equity. *Okuu* v. *Kaiaikawaha,* 7 Haw. 312; *Harper* v. *Ross,* 10 Allen 332; *Pennock* v. *McCormick,* 120 Mass. 275; Jones Chattel Mortgages Sec. 21; 3 Devlin Deeds, 2d ed. Sec. 1136. Defendants were entitled to the direct instruction requested (No. 16) to the effect that the assignment of the lease passed the legal title and right of possession of the market premises to J. H. Raymond and to the further instruction (No. 17) that the plaintiff's right to be upon the market premises was wholly dependent upon his complying with the terms of the agreement of August 1, 1905, and that in case of violation by him of those terms Raymond could lawfully exclude him therefrom.

Any definition in the instructions of the term "business" as describing the aggregate of the property used by the plaintiff

and claimed to have been taken by the defendants would be misleading and unnecessary. In the ordinary acceptation of the term the plaintiff was not the owner of the "business" of slaughtering cattle and selling beef. It would be sufficient and safer to define the precise rights of each of the parties concerned in the agreement of August 1, 1905.

Certain instructions were also given as to what the result should be if the jury should find from the evidence, in one instance, "that the defendant J. H. Raymond was the owner" of the property in question and in another instance that "Jim Ah Hoy was the owner of said property." No instruction, however, was given defining what would constitute ownership nor did these instructions recognize the possibility of a finding of ownership in plaintiff as to certain of the property and ownership in the defendants as to certain other of the property. When, as in this case, the question of ownership is one of mixed fact and law its submission to the jury should be accompanied with instructions giving specific definitions of ownership applicable to any findings of fact which the evidence may justify.

Another writing admitted in evidence was a bill of sale from plaintiff to the Henry Waterhouse Trust Co., Ltd., as trustees for J. H. and Phoebe K. Raymond dated November 23, 1905, whereby "25 hogs, 6 horses, 1 ice box, 1 safe, 2 scales, 3 wagons, 1 buggy, 1 two-wheeled cart, also all pig pens and paraphernalia used in connection therewith" were sold. The instrument recites a consideration of $810. Plaintiff sought to avoid its effect by introducing parol evidence, which was admitted, tending to show (1) absence of consideration and nonpayment and (2) that his signature was obtained by misrepresentation by Raymond as to its contents. The evidence relating to the consideration was inadmissible. Although there are certain collateral purposes for which a recital of consideration can be contradicted it cannot, even in equity, in the absence of fraud or mistake be contradicted between the parties in order to de-

feat the operation of the instrument. *Kanakanui* v. *Leslie,* 7 Haw. 223, 225; *Morris* v. *Petero,* 4 Haw. 23, 27; *Finn* v. *Hempstead,* 24 Ark. 111, 119; *Bank* v. *Watson,* 13 R. I. 91, 95; *Bever* v. *North,* 107 Ind. 544, 547; *Connor* v. *Follansbee,* 59 N. H. 124, 125; *M'Calla* v. *Bane,* 45 Fed. 828, 839; *Finlayson* v. *Finlayson,* 3 L. R. A. 801, 806 (Or.); *Feeney* v. *Howard,* 4 L. R. A. 826, 828 (Cal.) The evidence tending to show fraud, however, was correctly admitted. This defense was available at law, even though it was also available in equity. See *Kamohai* v. *Kahele,* 3 Haw. 530, 534, 535; *Swayze* v. *Burke,* 12 Pet. 11, 22, 23; *Ins. Co.* v. *Bailey,* 13 Wall. 616, 622, 623; *Ins. Co.* v. *Smith,* 73 Fed. 318; *Moore* v. *Munn,* 69 Ill. 591, 595.

The agreement of August 1, 1905, permitted the plaintiff to engage in the business of selling pork but did not authorize him to conduct such business on the premises described in the Quai Lee lease. Defendants, however, orally consented that the plaintiff sell pork on the latter premises. Defendant's instruction (request No. 15) that Raymond could terminate this privilege at any time without thereby rendering himself liable to damages should have been given without modification. Of the personal property claimed to have been converted by the defendant some was taken under claim of ownership under the bill of sale, and the evidence would perhaps justify a finding of the taking of other articles not prescribed in the bill of sale. There was also evidence tending to show that the defendant had sold some of the property taken and had retained the proceeds. Another point discussed on these exceptions is as to the necessity of demand and refusal. The law may generally be stated to be that where the original taking is lawful a demand and refusal must be shown as evidence of a disposition to convert to the holder's own use or to divest the true owner of his property; but where the taking itself is wrongful or there is an illegal assumption of ownership or an illegal user a demand

and a refusal need not be proved. *Strauss* v. *Schwab,* 16 So. (Ala.) 692; *Daggett* v. *Gray,* 40 *Pac.* (Cal.) 959, 960; *Carleton* v. *Lovejoy,* 54 Me. 445.

Other questions are presented by the exceptions. Of these some may not arise again and others may arise under different circumstances. They will not be passed upon at this time.

The verdict is set aside and a new trial is granted.

*F. W. Milverton* (*Cathcart* & *Milverton* on the brief) for plaintiff.

*A. G. M. Robertson* for defendant.