32 So.2d 697

**WELLS v. WELLS.**

8 Div. 391.

Supreme Court of Alabama.

Nov. 6, 1947.

Rehearing Denied Dec. 4, 1947.

Scruggs & Grass, of Guntersville, for appellant.

Roy D. McCord, of Gadsden, and P. W. Shumate, of Guntersville, for appellee.

GARDNER, Chief Justice.

The bill seeks the cancellation of a deed executed October 11, 1944, by the complainant to his son, the defendant; and from a decree overruling demurrer to the bill as amended defendant appeals.

The trial court correctly observed that the demurrer was to the bill as a whole and of consequence if the bill has equity in any of its aspects the demurrer is due to be overruled.

The first insistence on the part of counsel for defendant questions the sufficiency of the bill upon the matter of description of the property involved in this litigation. We are cited to Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36, with which holding, of course, we are in accord, to the effect that the substance of the instrument which forms the basis of the litigation should be either stated in the pleadings or made an exhibit to the bill. We are persuaded, however, that defendant's argument is sufficiently answered by the fact that the deed sought to be cancelled is made an exhibit to the bill and attached thereto. Equity Rule 11, Title 7, Code 1940, p. 1050, specifically provides that "exhibits are parts of bills"; and the cases of Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Conoly v. Harrell, 182 Ala. 243, 62 So. 511, are illustrative of the application of this rule. We are, therefore, of the opinion that this objection to the bill is without merit.

Another ground of objection is that of laches. There is nothing in the bill to indicate any substantial change of condition or prejudice to any party by the delay in filing the bill in July, 1946, to cancel the deed executed in October, 1944. True no arbitrary rule exists determining when a demand becomes stale or what delay will be excused. The question of laches is to be decided upon the particular circumstances of each case. We think it requires no discussion to demonstrate that this short delay in filing the bill with nothing more appearing does not suffice as an objection to the bill upon the ground of laches. The cases of Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 So. 183, and Thompson v. Suttle, 244 Ala. 687, 15 So.2d 590, support this conclusion.

We interpret the averments of the amended bill as disclosing the execution of the deed to defendant, and that although the deed was actually also delivered to defendant, the delivery was conditional and, indeed, what might well be termed a delivery in escrow. But our authorities are uniform

to the effect that a delivery of a deed complete on its face to the grantee, as here, is an absolute delivery, whatever conditions may be orally annexed to qualify or postpone its operation. The general rule is that the delivery of a deed to a grantee cannot be a delivery in escrow. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555. This aspect of the bill, therefore, was subject to the objection interposed.

In the second paragraph is the averment that the consideration for the deed was the sum of four hundred fifty dollars, which has never been paid. But though this would furnish ground for the enforcement of a vendor's lien, it would not justify the cancellation as here sought.

But we consider the third paragraph of the bill as one seeking cancellation of the deed on the ground of undue influence. Counsel for defendant rely upon Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606, and Best v. Best, 247 Ala. 627, 25 So.2d 723, declaring the generally accepted rule that in pleading fraud, mere general averments will not suffice, but constituent facts must be averred. But these authorities are not here applicable.

Though the rule was formerly otherwise (as pointed out in Strickland v. Strickland, 206 Ala. 452, 90 So. 345), it is now well established by our decisions that a bill seeking relief on the ground of undue influence is not subject to demurrer for a failure to aver the acts of undue influence in detail. Barkley v. Boyd, 211 Ala. 50, 99 So. 196.

Though the bill is objectionable in the matters indicated, yet we conclude it has equity in so far as it seeks cancellation on the ground of undue influence. And the demurrer being addressed to the bill as a whole was properly overruled.

The decree accordingly is due to be affirmed. It is so ordered

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.

On Rehearing.

GARDNER, Chief Justice.

Counsel for appellant in brief on this application, state their agreement with the rules of law announced in the opinion upon the meritorious question presented on the appeal. But counsel most earnestly insist the court is in error in stating that the trial court correctly observed the demurrer was addressed to "the bill as a whole," and attention is directed to the following language of the demurrer: "And these demurrers are addressed to different aspects of the bill and each paragraph of the bill of complaint." It is argued the "court has completely overlooked" this language. But the court in the ruling complained of had in mind these words, which had been read and not overlooked. In the comparatively recent case, of First Nat. Bank of Birmingham, v. Bonner, 243 Ala. 597, 11 So.2d 348, 349, the demurrer to the bill was addressed to the amended bill "and to each and every aspect thereof separately and severally." The court below declined to modify its decree so as to rule on the demurrer to each aspect of the bill, and this court, on appeal, in answer to like argument as presented in the instant case, observed:

"Our view is that there was no error on the part of the court in holding that the demurrer was in effect to the bill as a whole. Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99; American-Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36; First National Bank [of Birmingham] v. Forman, 230 Ala. 185, 160 So. 109; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645; Wood v. Estes, 224 Ala. 140, 139 So. 331; First National Bank [of Birmingham] v. De Jernett, 229 Ala. 564, 159 So. 73.

"If the respondent wishes to test the sufficiency of an aspect of the bill separately, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in the allegations with respect to it."

The ruling in Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99, is to like effect. The authorities are numerous to the effect that a demurrer addressed to a bill and "to each paragraph thereof, separately and severally," is a demurrer to the bill as a whole. American-Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36, 37;

Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413.

As we observed in the Bonner case, supra, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in respect to the allegations with reference to that particular aspect.

Our ruling, therefore, was not, as assumed by counsel, the result of any oversight, but was made in view of the uniform ruling in regard to this particular question.

We forego further discussion, but considered this response appropriate out of deference to the earnest insistence of counsel. It results the application is due to be denied.

Application overruled.