41 So.2d 564

## WELLS v. WELLS.
### 8 Div. 498.

Supreme Court of Alabama.
June 23, 1949.

See also post, p. 420, 41 So.2d 568.

P. W. Shumate, of Guntersville, and Roy D. McCord, of Gadsden, for appellant.

Scruggs & Scruggs, of Guntersville, for appellee.

LAWSON, Justice.

On July 19, 1946, W. R. Wells, appellant, filed a bill against his son, R. S. Wells, appellee, to cancel a deed executed on October 11, 1944, wherein W. R. Wells conveyed to his son, R. S. Wells, approximately thirty-two acres of land. Cancellation was sought on three grounds: (1) That although the deed was actually delivered to the grantee, such delivery was conditional and in fact was a delivery in escrow; (2) that the consideration for the deed was the sum of $450, which was never paid; (3) that the deed was executed as a result of undue influence exercised by the son over the father.

■ The respondent incorporated in his answer several grounds of demurrer. Eisenberg v. Stein, 222 Ala. 576, 133 So. 281; Baggett Mercantile Co. et al. v. Vickery, 213 Ala. 427, 105 So. 207.

Respondent appealed to this court from a decree overruling the demurrer. In Wells v. Wells, 249 Ala. 649, 32 So.2d 697, it was held that the trial court correctly overruled the demurrer, in that it was addressed to the bill as a whole and that the bill had equity in so far as it sought cancellation on the ground of undue influence. But it was held that otherwise, grounds for cancellation did not appear in the bill. In that connection it was said:

"We interpret the averments of the amended bill as disclosing the execution of the deed to defendant, and that although the deed was actually also delivered to defendant, the delivery was conditional and, indeed, what might well be termed a delivery in escrow. But our authorities are uniform to the effect that a delivery of a deed complete on its face to the grantee, as here, is an absolute delivery, whatever conditions may be orally annexed to qualify or postpone its operation. The general rule is that the delivery of a deed to a grantee cannot be a delivery in escrow. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555. This aspect of the bill, therefore, was subject to the objection interposed.

"In the second paragraph is the averment that the consideration for the deed was the sum of four hundred fifty dollars, which has never been paid. But though this would furnish ground for the enforcement of a vendor's lien, it would not justify the cancellation as here sought." 249 Ala. 650-651, 32 So.2d 698.

It does not appear that either the bill or answer has been amended since the decision of this court in Wells v. Wells, supra. Submission was had on testimony taken before the register.

The trial court rendered a decree denying the relief sought by complainant and dismissed the bill. This appeal is from that decree.

■ There was much evidence taken tending to show that the consideration expressed in the deed had never been paid. But, as pointed out in Wells v. Wells, supra, the fact that the consideration has not been paid does not justify cancellation of the deed. Complainant does not by averment or proof seek to establish a vendor's lien.

■ The evidence as it relates to the delivery of the deed, considered in the light

392

most favorable to complainant, shows a conditional delivery. As shown in Wells v. Wells, supra, this fact does not justify cancellation of the deed.

The evidence is entirely insufficient to warrant cancellation of the deed on the ground that its execution resulted from undue influence exercised by the son over the father. The complainant utterly failed to prove any act or course of conduct on the part of the respondent which tends to show any undue influence exercised by the latter to secure the execution of the deed.

But appellant, complainant below, contends that in view of the confidential relationship existing between the grantor and the grantee that it was incumbent upon the grantee to show that the deed was not executed as a result of undue influence exercised by him. True, the relation of parent and child is per se a confidential relationship, but it is always presumed, prima facie, that in all transactions between them the parent is the dominant party, and that the transactions are free from undue influence. Hawthorne et al. v. Jenkins et al., 182 Ala. 255, 62 So. 505, Ann.Cas.1915 D, 707; Wilson v. Payton et al., 251 Ala. 411, 37 So.2d 499; Tipton et al. v. Tipton, 249 Ala. 537, 32 So.2d 32. In such case the burden is upon the complainant to overcome this presumption, and to reasonably satisfy the court that time and circumstances have reversed the order of nature, so that the dominion of the parent has not merely ceased, but has been displaced by subservience to the child. Hawthorne et al. v. Jenkins et al., supra; Wilson v. Payton et al., supra; Tipton v. Tipton, supra.

We are satisfied from the evidence before us that neither age nor physical weakness had materially impaired the mental vigor and moral independence of W. R. Wells when he made this deed. Although he was sixty-seven years of age at the time the deed was executed and was somewhat deaf and unable to do the same amount of work that he could as a young man, the evidence fails to show that he was in any way physically helpless and dependent. Likewise, there is not even a suggestion in the record that he ever relied upon the counsel of his son, R. S. Wells, or ever deferred to his judgment in business or other matters. In fact, we think the evidence tends to show that he was not in the least degree subject to his influence and there is no proof tending to show that the son ever attempted to influence him.

We have considered all the evidence, but it is neither practical nor profitable to further discuss it here. We are clear to the conclusion that the evidence does not warrant the cancellation of the deed on the ground that it was procured as a result of undue influence exercised by the grantee.

The decree is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.