# Agee *v.* Messer-Moore Ins. & Real Estate Co.

### *Assumpsit.*

(Decided Feb. 10, 1910.   51 South. 829 )

1. *Brokers; Action for Commission; Instructions.*—Where the action was by a broker for commission for obtaining a purchaser to land, who made a payment, but declined to consummate the trade because the land did not lie in one body, a charge asserting that unless the defendant or someone authorized by him represented to the purchaser that the land lay in a body, or ratified such represen-

[Agee v. Messer-Moore Ins. & Real Estate Co ]

tation, if such was made, plaintiff could not recover, was properly refused, as it was not necessary, as assumed in the charge that plaintiff or someone authorized by him represented that the land lay in a body, or ratified such representation, since there might be a recovery though no such representation was made by anyone.

2. *Same.*—Where the action was by a broker for commission for obtaining a purchaser for land. and there was some evidence that B. was a partner of the defendant and some that he was merely his agent, a charge asserting that defendant was not liable for any mistake of B. unless B. was his agent, or defendant ratified the mistake, was properly refused as tending to mislead the jury to believe that no recovery could be had unless B. was an agent of the defendant, whereas, if B. was a partner the defendant would be liable for B.'s acts.

3. *Same; Evidence.*—Where plaintiff sued the defendant for commissions for obtaining a purchaser for lands belonging to C., on the theory that the defendant was acting for himself and not as agent for C., when he employed the plaintiff, the defendant may not show that the purchaser of the land brought his action against C. and not against the defendant to recover the amount he had paid on the purchase, since plaintiff was not shown to have had any knowledge of, or to have advised or consented to such action on the part of the purchaser, and hence, was not bound thereby.

4. *Same.*—Where plaintiff sued the defendant for obtaining a purchaser for lands belonging to C. on the theory that defendant acted for himself and not for C. in the employment of plaintiff, it is immaterial that the defendant afterwards, while acting 1or C., sold the lands to another party and at a less price than that for which plaintiff had sold, since the purchaser obtained by plaintiff refused to complete his purchase.

5. *Same.*—As tending to show that the defendant acting for himself and not as an agent for C., employed plaintiff to obtain a purchaser for land belonging to C., a corporation, it was competent to show that the defendant had an option to purchase the stock of C., corporation.

5. *Evidence; Secondary Evidence; Proof of Loss.*—Loss or destruction of an instrument need not be shown beyond the possibility of a mistake in order to allow the introduction of secondary evidence.

7. *Same.*—Loss and destruction of an instrument may be proven by circumstantial evidence so as to permit of secondary evidence.

8. *Same; Degree.*—The strictness of proof of loss or destruction of an instrument, in order to admit secondary evidence thereof, varies in accordance with the importance and value of the instrument, and if of little importance or value and there is no ground for suspicion that it is designedly withheld, slight evidence may be sufficient to justify the admission of secondary evidence relative thereto.

9. *Same; Preliminary Inquiry.*—The extent of the inquiry as to loss of or search for an original instrument, so as to admit of secondary evidence of its contents, is largely within the discretion of the trial court, and its rulings will not be disturbed unless based

[Agee v. Messer-Moore Ins. & Real Estate Co ]

on an error in law or on evidence, which, as a matter of law, is not sufficient to sustain it

10. *Appeal and Error; Harmless Error; Admission of Secondary Evidence.*—Where the document was of no intrinsic value and there was no apparent reason for withholding it, and there was no doubt of the correctness of the copy admitted, any error that may have intervened in admitting the copy without sufficient proof of loss of and search for the original instrument, was without injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Assumpsit by the Messer-Moore Insurance & Real Estate Company against Walter C. Agee, for commissions for sale of real estate.. Judgment for plaintiff and defendant appeals. Affirmed.

BOWMAN, HARSH & BEDDOW, for appellant. Counsel discuss the charges refused, but without citation of authority. They insist that the court erred in the admission of the diagram, because of the insufficiency of proof of loss of the original.—*Jernigan v. The State,* 81 Ala. 58; 2 Ency. of Evid. pp. 334-9. The evidence as to whether or not Agee had an option to purchase stock in the corporation was wholly immaterial.—18 Case & Comment, 54; *C. B. E. R. R. Co. v. Peabody,* 13 L. R. A. 1144. A witness may not be contradicted on immaterial matters.—*Bessemer L. I. Co. v. DuBose,* 125 Ala. 442.

N. L. MILLER, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—Appellee sued appellant to recover compensation for commission, as a real estate agent, for making sale of a certain tract of land. The land belonged to a third party, a corporation. Appellant was a stockholder in the corporation, and was authorized by it, or by a majority of its stockholders, to sell the land.

One Bowman was the largest stockholder, and desired to sell the lands, and conferred with appellee's agent, Messer, and with appellant, relative to the sale.  It is not agreed, nor is it certain from the evidence, as to the exact capacity in which Bowman acted in the matter— whether as a mere stockholder of the corporation, or jointly with appellant in effecting a sale.  There is some evidence that appellant had purchased, or was endeavoring to purchase, a majority of the stock of the corporation, for the purpose of effecting a sale of the land in question.  The evidence is also in conflict as to whether he was acting merely as the agent of the corporation, or for himself as the owner of the majority of the stock of the corporation.

The complaint consisted of the common counts—one for a breach of a special agreement by which the plaintiff should, for and on behalf of defendant, make a sale of the lands, and two for breach of a special agreement whereby the plaintiff was to find a purchaser for the land at the price of $16,000.  The defendant pleaded the general issue, statute of frauds, and want of consideration.  The pleas were to the complaint as a whole, and to each count thereof.  Some of the pleas were therefore inapt to some of the counts, but it is unnecessary to notice that feature of the findings.  It is sufficient to say that the evidence tended to support the verdict and the judgment rendered.

The plaintiff obtained a purchaser for the land at the price of $16,000, and the purchaser paid $500 of the purchase price, but finally declined to consummate the purchase, assigning as a reason that the land did not lie in a continuous body, but that 10 acres thereof was separated from the other 90 acres by a road or alley. Whether the land was so separated, or whether defendant or Bowman represented to plaintiff's agent, or to the pur-

chaser, that it was in one compact body, was disputed. Whether such representations were made to the purchaser, and, if so made, whether a breach thereof would be sufficient to excuse nonperformance of the contract of sale, and authorize rescission, are matters not before the court.

The trial court, at the request of the defendant in writing, instructed the jury as follows:

"Unless plaintiff was working for Agee personally, then the jury could not find for plaintiff, without regard to any other point in the case."

"Even if Agee had an option on all the stock of the Birmingham Matinee Club, yet if the land belonged to the corporation, and not to Agee, and Agee was acting for the owner of the land, and not for himself, the jury would find for defendant, Agee."

"Under the undisputed evidence in this case, if the jury believe it, the land in question belonged to the corporation, and not W. C. Agee."

"The undisputed evidence in this case, if the jury believe it, shows that W. C. Agee was authorized by the Birmingham Matinee Club to sell the land, and if the the jury are reasonably satisfied from the evidence that Agee in fact was acting for said company, then the jury must find for defendant."

The court refused the following charges, which were requested in writing by defendant:

"Unless Agee, or somebody authorized by him, represented to Messer that the land lay in a body, or ratified such representation, if such was made, the jury could not find for plaintiff, regardless of any other point in the case."

"Agee is not responsible for the mistake of Bowman, if any, unless Bowman was his agent, or unless Agee, with knowledge of such mistake, if any, ratified it."

The first of these charges was properly refused, because it was not absolutely necessary to a recovery under any of the counts, and under all the evidence, as the charge assumes, that defendant, or some one authorized by him, represented to Messer that the land lay in a solid body, or ratified such representation. There might have been a recovery though no such representation was ever made by any one.

The other charge, if given, might have tended to mislead the jury to believe that it was necessary to a recovery to show that Bowman was the agent of Agee, and that being the partner, and jointly interested with him in the sale, was not sufficient to render Agee liable for the acts of Bowman. While it is true, as contended by appellant, that this relation might be that of agency, yet the charge was calculated to mislead the jury unless explained, and for this reason, if for no other, it was properly refused.

The court did not err in allowing the diagram or plat of the land in question to be introduced in evidence, or in allowing the witness Messer to testify that it was an exact copy of one furnished him by Mr. Bowman. The diagram introduced was the one furnished by Messer to McCarty, the purchaser. Messer testified that the one made by Bowman was lost or misplaced, and could not be found, while neither the places, the details, nor the extent, of the search (matters usually necessary as a predicate for the admission of secondary evidence) are shown. However, the inquiry as to loss of and search for the original document, to render secondary evidence admissible, is necessarily of a preliminary nature, addressed to the court in each particular case. While not solely, it is largely, a matter of discretion with the trial court, and the court's ruling will not be reversed on appeal, unless based upon an error of law, or upon evi-

[Agee v. Messer-Moore Ins. & Real Estate Co ]

dence which, as matter of law, is insufficient to sustain
it.

The loss or destruction of the original need not be
proven beyond the possibility of mistake. It is enough
if the testimony satisfies the court of the fact with rea-
sonable certainty. The loss or destruction may be prov-
en by circumstantial evidence. "The proof necessary to
establish the loss of a writing, so as to let in secondary
evidence of its contents, must depend upon the nature of
the transaction to which it relates, its apparent value,
and other circumstances. If suspicion hangs over the
instrument, or that it is designedly withheld, a rigid
inquiry should be made into the reasons of its nonpro-
duction; but if there is no such suspicion, all that ought
to be required is a reasonable diligence to obtain the
original, in respect to which the courts extend great lib-
erality."—*Juzan v. Toulmin*, 9 Ala. 662 (9th headnote),
44 Am. Dec. 448.

The strictness of the proof also varies in accordance
with the importance and value of the document. If it
be of little value, and there be no ground for suspicion
that it is designedly withheld, very strict proof is not
required. Very slight evidence may suffice in such case.
—Jones on Ev. § 215. Here the document was of no
intrinsic value. There existed no apparent reason for
withholding it. There was no dispute or doubt that the
copy made was correct, and showed the land in exactly
the shape and condition that all the parties thought it
was in at the time of the transaction. So, if error inter-
vened, it clearly appears that it was without injury.

Under the evidence in this case, it was for the jury to
determine the relation of Bowman to the defendant in
this transaction, and upon this relation depended the
question whether or not his statements were binding up-
on the defendant or were admissible against him. We

cannot say, as matter of law, that the evidence offered as to his statements, and as to which objections were made and overruled, was wholly irrelevant and inadmissible for all purposes. If the jury found (as they might have done from the evidence) that Bowman was personally interested with Agee in the sale, and was acting for and with Agee in the matter, with his knowledge and consent, then they were admissible in evidence against the defendant, Agee.

We cannot know that the court erred in declining to allow the evidence that McCarty, the purchaser, sued the Birmingham Matinee Club, and not the defendant, Agee, to recover the $500 paid by him. This act or suit by McCarty could not and should not bind the plaintiff, who was not shown to have had any knowledge of, to have advised, or to have consented to, the action of McCarty.

It was likewise immaterial that defendant, acting for the Matinee Club, sold the land, shortly after the transaction in question, to another party, and at a less price than that for which plaintiff's agent, Messer, had sold it to McCarty. This was not binding upon plaintiff.

It was competent to show that defendant, Agee, had an option to purchase the stock of the Matinee Club. This tended to show that he was acting for himself individually, and not as a mere agent for the corporation. This was one of the disputed issues. Moreover, evidence of this character had been admitted by both parties without objection.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.