# Gamble *v.* Black Warrior Coal Co.

*Bill to Quiet Title.*

(Decided April 20, 1911. 55 South. 190.)

1. *Vendor and Purchaser; Bona Fides; Notice.*—Actual notice is equivalent to the constructive notice afforded by the registration of a conveyance under section 3383, Code 1907, the design of the statute being to give notice of the existence of the conveyance.

2. *Same.*—A purchaser is charged with notice of the nature of the title of one in possession of the premises.

3. *Same.*—One who has knowledge of facts sufficient to put him on inquiry as to the existence of an unrecorded deed is not a purchaser without notice within the protection of the registry statutes.

4. *Notice; Constructive Notice.*—Whatever is sufficient to put one on inquiry is notice of everything to which such inquiry would lead.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Frank A. Gamble against the Black Warrior Coal Company to quiet title to land. Decree for respondents and complainants appeal. Affirmed.

ERNEST LACEY, for appellant. Having shown legal title in himself, complainant could maintain this suit.

—*Smith v. Goodman,* 136 Ala. 495; *So. Ry. Co. v. Hall,* 145 Ala. 224. Having shown a valuable consideration paid for the property, the burden was shifted to the defendant to show that complainant had knowledge of defendant's title.—*Bynum v. Grove,* 106 Ala. 427; *Steiner v. Clisby,* 95 Ala. 91; *Barton v. Barton,* 75 Ala. 400. The record of a deed from any other person than the grantor from whom title is claimed will not operate to give constructive notice.—*T. C. & I. R. R. Co. v. Gartner,* 131 Ala. 599; *Gimon v. Davis,* 36 Ala. 581. The possession was not such as to charge complainant with notice.—*Kennedy S. & C. Co. v. Sloss-Sheffield S. & I. Co.,* 137 Ala. 409; *Henry v. Brown,* 143 Ala. 446; *Lawrence v. Alabama State Land Co.,* 144 Ala. 525; *Wells v. Am. Mort. Co.,* 109 Ala. 430; *So. Ry. Co. v. Hall,* 145 Ala. 224.

TYSON, WILSON & MARTIN, and LEITH & GUNN, for appellee. Without allegation and proof to establish his position as bona fide purchaser, the complainant was not entitled to a decree.—*May v. Wilkinson,* 76 Ala. 543; *Noble v. Gillian,* 136 Ala. 618; *Fowler v. Ala. I. & S. Co.,* 154 Ala. 497. Appellant had actual notice of the equity of respondent, or had information which would put a prudent man on inquiry, and which if followed up, would have led to the knowledge of the superior rights of the appellee.—*Center v. P. & M. Bank,* 22 Ala. 743; *Lomax v. LeGrand,* 60 Ala. 537; *Hodges v. Coleman,* 76 Ala. 103. No court of equity will entertain the suggestion that Gamble was free from negligence in failing to follow up the inquiry suggested to him.—*Barton v. Barton,* 75 Ala. 400; *Lockwood v. Tate,* 96 Ala. 353; *Herbert v. Hendrick,* 16 Ala. 581; *Creel v. Keith,* 148 Ala. 233; *Hodges v. Coleman, supra.* The appellee had such actual possession as to charge

Gamble with notice.—*Zundell v. Baldwin,* 114 Ala. 328; *Reynolds v. Kirk,* 105 Ala. 446; *Hedly v. Bell,* 84 Ala. 346. Gamble was not a purchaser for value.— *Dixon v. McLarney,* 97 Ala. 383; *Page v. Francis,* 97 Ala. 379; *Pelham v. Chattahoochie Gro. Co.,* 156 Ala. 500. Appellant showed no such peaceable possession as would authorize him to recover.—*Wood Co. v. Williams,* 157 Ala. 73; *Crabtree v. Ala. Co.,* 155 Ala. 513; *Johnson v. Johnson,* 147 Ala. 543; *Foy v. Barr,* 145 Ala. 244; *Laird v. Powell,* 144 Ala. 448.

MAYFIELD, J.—Appellant filed his bill under sections 5443 et seq. of the Code of 1907, to quiet and determine title as to the mineral rights in 160 acres of land described in the bill. Appellee (respondent in the court below) answered the bill, denying complainant's title, and averring both the legal and equitable titles to be in respondent. Much testimony was taken by both sides, and the case was submitted for final decree upon the pleadings and proof, and upon this hearing the bill was dismissed by the chancellor. From this decree, the complainant prosecutes this appeal.

Both parties claim title through Nicholas R. Key to 80 acres of the land, and through Sarah J. Bailey to the other 80 acres; Key and Bailey being patentees from the government of the United States. Appellee claims through deeds from these patentees, conveying the mineral rights to one B. M. Long, executed in December, 1882, and from Long to J. W. Dimmick, executed in May, 1883, and by Dimmick to appellee, dated June 22, 1885. Appellant claims by deeds from the same patentees to C. B. Brotherton, trustee, executed May 25, 1907, and from Brotherton, as trustee, to complainant, executed May 31, 1907; all such deeds conveying the mineral rights only to the lands in question.

[Gamble v. Black Warrior Coal Co.]

The only basis for the complainant's title is that the deeds from the patentee to Long, executed in December, 1882, were not recorded until November 6, 1907, which was after patentee had conveyed to Brotherton, through whom complainant claims title.

Complainant contends that the deeds from the patentee to Long were void as to him, under section 3383 of the Code (embracing sections 1005, 1006, of the Code of 1896, and sections 1810, 1811, of the Code of 1886). The statute renders conveyances void only for the failure to record the same as to "purchasers for a valuable consideration, mortgagees, and judgment creditors without notice." So the only disputed question for trial in the court below and necessary to a decision on this appeal is whether or not appellant was a purchaser for a valuable consideration, and without notice, of the unrecorded deeds from the patentees to B. M. Long. If he was such a purchaser, he was entitled to the relief prayed; if not, the decree of the chancellor dismissing the bill was correct, and should be affirmed.

From the very earliest decisions of this court, construing statutes rendering conveyances void as to "purchasers without notice," etc., it has been held that actual notice is equivalent to the constructive notice afforded by the registration of the conveyance. The whole object and design of the statute is said to be to give notice of the existence of the conveyance.—*Ohio Ins. Co. v. Ledyard,* 8 Ala. 871.

It has likewise been repeatedly held that, where one is in possession of the premises, the purchaser of such premises is charged with an implied notice of the nature of his title.—*Daniel v. Sorrells,* 9 Ala. 440.

It is also equally well-settled law in this state that whatever is sufficient to put a party on inquiry is enough to charge him with notice. Means of knowl-

[Gamble v. Black Warrior Coal Co.]

edge may be equivalent to knowledge. Whatever is sufficient to put one on his guard, and call for inquiry, is notice of everything to which the inquiry would lead. —*Cole v. Birmingham Un. Ry. Co.*, 143 Ala. 427, 39 South. 403; *Pepper v. George*, 51 Ala. 194.

Applying these principles of law to the undisputed facts in this case, we are led to the same conclusion reached by the chancellor—that the complainant was not a purchaser, without notice, of the deed from the patentees to Long, within the meaning of the statute.—Code, § 3383 et seq. The complainant certainly had knowledge of facts sufficient to elicit inquiry as to the source of appellee's title, and the facts are undisputed that he could and would have ascertained this source, had he instituted any inquiry. If the evidence of his and Brotherton's grantors (the patentees) is to be believed, Brotherton had actual notice of the deed from the patentees to Long, before and at the time the patentees conveyed to him as trustee; their evidence being that they conveyed to Brotherton, as trustee, in order to cure a defect in the conveyance by them to Long, and that Brotherton knew, and represented to them, that such was the purpose of the conveyance to him. The evidence of Brotherton and appellant in this case is sufficient to put the latter upon inquiry, and, had he pursued the inquiry, he would have ascertained the fact of the execution and existence of the deeds from the patentees to Long, before the conveyance by Brotherton to him. This being true, he was not a purchaser without notice, within the protection of the statute above referred to; and hence the decree of the chancellor was correct, and must be affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.