# Alexander *v.* Fountain, *et al.*

### Ejectment.

(Decided January 20, 1916.   70 South. 669.)

1. **Vendor and Purchaser; Bona Fide Purchaser; Notice; Quit Claim Deed.**—Although passing title as between the parties to the quit claim deed, such deed was void as against purchasers for a valuable consideration without notice, where the deed was not recorded as required by § 3383, Code 1907.

2. **Same.**—The object of the statute (§ 3383, Code 1907) being to give notice, actual notice of an unrecorded quit claim deed is equivalent to the constructive notice afforded by the registration of the deed.

3. **Same; Possession.**—Where one is in possession of premises, a purchaser thereof from another is charged with an implied notice of the nature of the title of the possessor.

4. **Notice; Facts Putting on Inquiry.**—Whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which the inquiry would lead.

5. **Deeds; Proof; Preliminary.**—To authorize secondary evidence of a quit claim deed claimed to be lost, the preliminary proof of the loss is sufficient if it satisfies the court of the fact of loss with reasonable certainty, although it may be circumstantial; the degree of proof may vary with the importance and value of the instrument, and the surrounding circumstances.

[Alexander v. Fountain, et al.]

6. **Judgment; Conclusiveness.**—A judgment in assumpsit can never be a bar to an ejectment suit.

7. **Appeal and Error; Review; Question of Fact.**—The questions as to whether an unrecorded quit claim deed was executed in fact, and whether a subsequent purchaser had actual notice of the deed, were for the jury, under the evidence in this case, and their finding will not be reviewed on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Ejectment by Milner Fountain and another against C. C. Alexander. Judgment for plaintiffs, and defendant appeals. Affirmed.

The pleas referred to are: (1) Former recovery by defendant in ejectment in the same suit between the same parties about the same subject-matter. The other pleas set up a suit between the same parties and G. B. Mitchell in assumpsit, and a settlement by Mitchell in the sum of $250, and judgment rendered against Mitchell for that amount. The other facts sufficiently appear.

B. C. BURKHART, for appellant. GASTON & DRENNEN, for appellee.

MAYFIELD, J.—This is an action of ejectment. There was a common source of title, G. B. Mitchell. It appears without dispute that Jerry Fountain, the ancestor of plaintiff Milner Fountain, owned the land. It was sold as the property of Jerry Fountain, under an execution sale of date December 15, 1902, at which sale G. B. Mitchell became the purchaser. On the 16th day of November, 1908, Mitchell conveyed by warranty deed to appellant, C. C. Alexander, which deed was duly recorded in the probate office of Jefferson county on the 14th day of December, 1908. This, of course, nothing else appearing, would have placed the legal title in appellant, conceding everything to have been regular, and the common source to-have had title. There was evidence, however, tending to show that Jerry Fountain redeemed the land from the execution sale, and that G. B. Mitchell quitclaimed to Jerry Fountain before he conveyed by warranty to appellant. But this quitclaim deed was not filed for record until after Mitchell had conveyed by warranty deed to appellant.

The real and only disputed issue in the case was whether or not appellant had actual knowledge of the fact that Jerry Foun-

[Alexander v. Fountain, et al.]

tain had redeemed the land, and that Mitchell had quitclaimed to him, when Mitchell conveyed by warranty deed to appellant.

(1) Unless the quitclaim deed was a forgery, it passed the title out of Mitchell before he conveyed to appellant, so far as the parties to the quitclaim deed were concerned. The quitclaim deed, however, not being recorded as required by the statute (Code 1907, § 3383), was void as against purchasers for a valuable consideration, mortgagees, and judgment creditors without notice.

There is no doubt that appellant was such a purchaser for a valuable consideration, but was he "without notice?" The evidence on this subject was in dispute, and the jury found that he did have notice, or that he was chargeable therewith.

(2) From the earliest decisions of this court construing unrecorded conveyances void as to "purchasers without notice," etc., it has been held that actual notice is equivalent to the constructive notice afforded by the registration of the conveyance. The whole object and design of the statute is said to be to give notice of the existence of the conveyance.—*Ohio Life Ins. Co. v. Ledyard*, 8 Ala. 871; *Gamble v. Black Warrior Coal Co.*, 172 Ala. 672, 55 South. 190; 7 Mayf. Dig. 789.

(3) It has likewise been repeatedly held that, where one is in possession of the premises, the purchaser of such premises is charged with an implied notice of the nature of his title.—*Daniel v. Sorrels*, 9 Ala. 440; *Gamble v. Black Warrior Coal Co.*, 172 Ala. 672, 55 South. 190; 7 Mayf. Dig. 789.

(4) It is equally well settled law in this state that whatever is sufficient to put a party on inquiry is enough to charge him with notice. Means of knowledge may be equivalent to knowledge. Whatever is sufficient to put one on his guard and call for inquiry is notice of everything to which the inquiry would lead. —*Cole's Case*, 143 Ala. 427, 39 South. 403; *Pepper v. George*, 51 Ala. 194; *Gamble v. Black Warrior Coal Co.*, 172 Ala. 672, 55 South. 190; 7 Mayf. Dig. 789.

There was therefore no error in receiving proof tending to show notice to appellant of the fact of the redemption and of the quitclaim deed, and that appellee was in possession of the land.

(5) There was no error in allowing secondary proof of the quitclaim deed claimed to be lost. The loss or destruction of the original need not be proven beyond the possibility of mistake.

[Alexander v. Fountain, et al.]

It is enough if the testimony satisfies the court of the fact with reasonable certainty. The loss or destruction may be proven by circumstantial evidence.

"The proof necessary to establish the loss of a writing so as to let in secondary evidence of its contents must depend upon the nature of the transaction to which it relates, its apparent value, and other circumstances. If suspicion hangs over the instrument, or that it is designedly withheld, a rigid inquiry should be made into the reasons of its nonproduction; but, if there is no such suspicion, all that ought to be required is a reasonable diligence to obtain the original, in respect to which the courts extend great liberality."—*Juzan v. Toulmin,* 9 Ala. 662, 44 Am. Dec. 448; *Agee v. Messer-Moore Ins. & Real Estate Co.,* 165 Ala. 297, 51 South. 829; 7 Mapf. Dig. 331. ·

The strictness of the proof also varies in accordance with the importance and value of the document. If it be of little value, and there be no ground for suspicion that it is designedly withheld, very strict proof is not required. Very slight evidence may suffice in such case.—Jones on Ev. 215; *Agee v. Messer-Moore Co.,* 165 Ala. 297, 51 South. 829; 7 Mayf. Dig. 331.

(6) There was no error in the rulings on the pleadings; the facts set up in neither one of the pleas were sufficient to constitute a bar to this action of ejectment. It requires two judgments in favor of a defendant, between the same parties, to bar a further action in ejectment.—Code, § 3858. Of course, an action in assumpsit cannot be made a bar to an action in ejectment.

We find no error in the charges of the court nor in any of the other rulings complained of which can work a reversal of the judgment.

(7) Whether the quitclaim was valid and executed, as the evidence tended to show it was, and whether or not appellant had notice or was chargeable with notice thereof, were strictly questions of fact for the jury, and we cannot revise the findings thereon upon this appeal.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.