74 So.2d 451

Lucile WILFE

v.

Gayle WALLER et al.

5 Div. 568.

Supreme Court of Alabama.

Aug. 30, 1954.

Chas. S. Moon, LaFayette, for appellant.

D. T. Ware, Roanoke, for appellees.

SIMPSON, Justice.

This is an appeal from a final decree cancelling certain conveyances of real estate.

Complainants filed a bill asking that certain deeds purporting to have been signed by them and their mother, now deceased, be cancelled on the ground that they had never executed them, and that the conveyances were forgeries. The deeds purported to have been executed on March 15, 1949 but were not recorded until January 17, 1952,

after the mother had died. Both deeds recited a consideration—one of $3,000 and the other of $12,500. The complaint alleged, and the complainants testified, that they never received this consideration or any part thereof; that they had never executed the deeds, and that they knew nothing of their existence until after they had been recorded.

Respondent filed an answer denying the material allegations of the complaint and in her testimony stated that the deeds were given as security for a $15,500 note executed by the complainants and their mother at the same time as the deeds were executed for a debt which their mother owed. Respondent's attorney then amended his answer to include a cross bill asking "that the purported deed set forth in the original bill of complaint * * * for a consideration of $15,500.00" be declared a mortgage.

The court, after hearing the evidence *ore tenus*, rendered a decree declining to pass upon the authenticity of the signatures of the deeds, and the decree observed that if executed they were "wholly without consideration, and that absolutely no consideration moved or passed from the grantee in said deeds to the complainants in said cause," and also "that the respondent has failed to meet the burden of proof insofar as the matter of declaring the two deeds a mortgage * * * is concerned".

On the basis of these observations the decree then proceeded to order the two deeds cancelled. In our view of the case neither theory will support the decree of cancellation.

■ An examination of the authorities discloses that the finding that there was no consideration for the execution of the two deeds is not dispositive of the issue before the court. Both counsel and the court were apparently under the impression that a mere absence of consideration justified a cancellation of the deeds. But the principle is well settled that as between the parties to a deed reciting a valuable consideration, the grantor, in the absence of mistake, fraud or duress, is estopped to deny the recitation.

Stacey v. Walter, 125 Ala. 291, 28 So. 89; Vincent v. Walker, 93 Ala. 165, 9 So. 382; Hubbard v. Allen, 59 Ala. 283; Kinnebrew's Distributees v. Kinnebrew's Admrs., 35 Ala. 628.

■ It is equally well settled that the mere fact that the consideration recited in a deed has not been paid is not sufficient ground for its cancellation. Wells v. Wells, 252 Ala. 390, 41 So.2d 564.

■ It follows therefore that the decree of the trial court cannot be supported on the mere declaration that no consideration moved from the grantees to the grantors or that the deeds were wholly without consideration. Cf. Gray v. Gray, 246 Ala. 627, 22 So.2d 21.

■ And as regards the second theory upon which the decree was rested, it is equally clear that the mere failure of the respondent to prove her cross bill claiming that the notes and deeds should be declared a mortgage, could not entitle the complainants to relief under their original bill praying for a cancellation of the deeds on the ground that they were forgeries.

Thus it appears that the learned trial court failed to respond to the real issue in the case or to treat the evidence bearing thereon, viz., were the deeds in fact forgeries and, therefore, whether under the evidence the complainants were entitled to have them cancelled.

■■ This issue should first have consideration at nisi prius where the trial court can see and hear the witnesses testify and is much better advantaged to appraise the verity of the testimony than we. So considered the decree must be reversed. Petty v. Chamberlain, 253 Ala. 453, 455, 45 So.2d 161; Box v. Box, 253 Ala. 297, 301, 45 So. 2d 157; Loudenville Milling Co. v. Davis, 251 Ala. 459, 464, 37 So.2d 659, 663.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, MERRILL and CLAYTON, JJ., concur.