82 So.2d 244

Hassie **PORTER** et al.

v.

Lula **ROBERSON.**

4 Div. 724.

Supreme Court of Alabama.

Aug. 18, 1955.

J. Robt. Ramsey, Dothan, for appellants.

L. A. Farmer, Dothan, for appellees.

GOODWYN, Justice.

This is a proceeding in equity to cancel and set aside a deed. It is here on appeal from the final decree granting relief.

There are six assignments of error, five of which relate to the overruling of demurrers to the bill as a whole and to its several aspects. In view of our conclusion that the decree is not supported by the evidence, we confine our discussion to the sixth assignment which goes to the rendering of the final decree.

On October 13, 1944, Lula Roberson, complainant below and appellee here, executed a general warranty deed conveying to her brother, Mathew Porter, a house and lot in Houston County, reserving to herself a life estate in said property. On the same day Mathew Porter filed the deed for record in the Houston County Probate Office. Lula's signature to the deed, which was by mark, was witnessed and acknowledged by the attorney who prepared the deed. This attorney died on July 9, 1948. The recited consideration was "One and no/100 dollars and other valuable considerations to us in hand paid by Mathew Porter, the receipt whereof we do hereby acknowledge".

Mathew Porter died intestate on November 4, 1949, leaving surviving him, as his only heirs and next of kin, his widow, Hassie Porter, and one child, Annie Laurie Leonard, the respondents below and appellants here.

The grounds relied on for relief may be summarized as follows:

I. There was no consideration for the deed.

II. Execution of the deed was obtained by false and fraudulent representations on the part of Mathew Porter.

III. The deed was never executed by complainant.

■ All of the evidence was taken before a commissioner. Accordingly, no presumption is to be indulged in favor of the trial court's findings from the evidence. It is our duty to sit in judgment on the evidence as though presented to us de novo. Redwine v. Jackson, 254 Ala. 564, 569, 49 So.2d 114; Butler v. Guaranty Savings & Loan Ass'n, 251 Ala. 449, 450, 37 So.2d 638.

■ We here note that at the time of taking the testimony both Mathew Porter and the attorney who prepared, witnessed and acknowledged the deed, were deceased. Therefore, in sitting in judgment on the evidence we must exclude from consideration any evidence rendered inadmissible by the so-called "Dead Man's Statute", Code 1940, Tit. 7, § 433. This statute provides as follows:

"In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause. No person who is an incompetent witness under this section shall make himself competent by transferring his interest to another."

I.

■ The complainant seeks, under this aspect, to cancel the deed for the reason that no consideration passed from Mathew Porter to her. We have held that the mere fact that a deed is without consideration does not make it subject to cancellation for that reason. Young v. Blonk, 261 Ala. 542, 543, 74 So.2d 910;

Cook v. Whitehead, 255 Ala. 401, 410, 51 So.2d 886; Wells v. Wells, 249 Ala. 649, 651, 32 So.2d 697. A deed is valid and operative as between the parties and their privies, whether founded on a consideration or not. Houston v. Blackmon, 66 Ala. 559, 562, 41 Am.Rep. 756; Ely v. Pace, 139 Ala. 293, 298, 35 So. 877. As stated in Wilfe v. Waller, 261 Ala. 436, 437, 74 So.2d 451, 453:

"* * *. Both counsel and the court were apparently under the impression that a mere absence of consideration justified a cancellation of the deeds. But the principle is well settled that as between the parties to a deed reciting a valuable consideration, the grantor, in the absence of mistake, fraud or duress, is estopped to deny the recitation. Stacey v. Walter, 125 Ala. 291, 28 So. 89; Vincent v. Walker, 93 Ala. 165, 9 So. 382; Hubbard v. Allen, 59 Ala. 283; Kinnebrew's Distributees v. Kinnebrew's Admrs., 35 Ala. 628.

"It is equally well settled that the mere fact that the consideration recited in a deed has not been paid is not sufficient ground for its cancellation. Wells v. Wells, 252 Ala. 390, 41 So.2d 564. [Supra]

"It follows therefore that the decree of the trial court cannot be supported on the mere declaration that no consideration moved from the grantees to the grantors or that the deeds were wholly without consideration. Cf. Gray v. Gray, 246 Ala. 627, 22 So.2d 21."

The decree cannot be supported by this aspect of the bill.

## II.

It seems to be complainant's theory under this aspect that the deed should be cancelled because Mathew fraudulently represented to her that he would make a will in her favor if she would make a will in his favor; that Mathew had, at the time, no intention of making such will and that she was thereby deceived into executing the deed, thinking it was a will.

The principle applicable to that contention is thus stated in Zuckerman v. Cochran, 229 Ala. 484, 485, 158 So. 324, 325:

"While a failure to fulfill a mere promise or undertaking—something to be done in the future—alone will not constitute actionable fraud, yet if with intent to deceive a promise is made with no intention of fulfillment at the time, and injury to the defrauded party results therefrom, fraud may be predicated thereon, notwithstanding the future nature of the representations. This is the settled rule in this state * * *."

See, also, Barber v. Stephenson, 260 Ala. 151, 155, 69 So.2d 251, and cases there cited.

■■ We have given most careful consideration to the evidence bearing on this aspect and do not find present that degree of proof which is required to establish the alleged fraud (assuming, without deciding, that, if proved, it would justify cancellation of the deed). The legal evidence concerning the representations on the part of Mathew is scant and unimpressive. The principal evidence is by complainant herself. But her testimony cannot be considered. Code 1940, Tit. 7 § 433, supra. The only other evidence was from Willie Mae Porter, with whom Mathew was then living, and her son, James Oscar Daniels. These witnesses testified they heard Lula and Mathew talking at Willie Mae's home and that, during the conversation, the making of wills to each other was discussed. This conversation was said to have taken place on October 12, 1944, the day before the deed was executed. The taking of their testimony was on January 20, 1952. The general rule is that fraud, when alleged, must be clearly and satisfactorily proven. Henderson v. First Nat. Bank of Birmingham, 229 Ala. 658, 663, 159 So. 212; Southern Ry. Co. v. Arnold, 162 Ala. 570, 577, 50 So. 293. We are constrained to hold that that degree of proof has not been met.

## III.

The evidence is without dispute that both parties went to the lawyer's office on

the day the deed was executed and that the lawyer then prepared the deed and witnessed and acknowledged it. There is no evidence that any false representation was at that time made by Mathew Porter. The insistence under this aspect is that complainant did not execute the deed. She could neither read nor write. The deed shows her signature to have been affixed by mark. The evidence clearly and forcefully establishes the good reputation of the attorney. The only living witnesses to the transaction in the attorney's office, other than complainant, were Willie Mae Porter and James Oscar Daniels. These two witnesses testified that they were present on the occasion; that they did not hear the deed read to complainant nor did they see it executed by her; and that no papers of any kind were signed by either Lula or Mathew. On the other hand it is undisputed that a paper was prepared by the attorney; that Lula furnished the $4 for payment to the attorney; that the paper was handed by the attorney to Mathew for the purpose of taking it to the Court House for recording; that Lula, Willie Mae and James Oscar waited at the street entrance of the lawyer's office for Mathew to return from the Court House; and that the deed was, on the same day, filed for record in the Probate Office of Houston County. Lula takes the firm position that she went to the attorney's office for the purpose of making a will. Yet, she stoutly maintains that she executed no paper whatever while there, although she agrees that the attorney did prepare a paper for which she paid out the sum of $4. It is difficult to reconcile such testimony with her insistence that the paper was neither read to her nor executed by her.

 This court is committed to the proposition that an acknowledgment is entitled to great weight and can be impeached only by evidence that is clear and convincing. Bailey v. McQueen, 253 Ala. 464, 467, 45 So.2d 295; Federal Land Bank of New Orleans v. Sutton, 248 Ala. 529, 534, 28 So.2d 553; Fies & Sons v. Lowery, 226 Ala. 329, 332, 147 So. 136; Freeman v. Blount, 172 Ala. 655, 55 So. 293. As stated in Bailey v.

McQueen, supra 253 Ala. 464, 45 So.2d 297]:

"* * * an acknowledgment is entitled to great weight and will not be impeached for forgery or falsity unless the evidence to that end 'is clear and convincing, "reaching a high degree of certainty, leaving upon the mind no fair, just doubt."' * * *."

We cannot say that the testimony on behalf of complainant is sufficient, under the rule, to impeach the truthfulness of the facts stated in the notarial acknowledgment.

From what we have said it follows that a decree is due to be entered here reversing the decree of the trial court and denying the relief sought by complainant. It is so ordered.

Reversed and rendered.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.