112 So.2d 482

**Mrs. Willie Gibson HODGES et al.**

v.

**Ralph Harold BEARDSLEY et al.**

1 Div. 765.

Supreme Court of Alabama.

May 28, 1959.

Frank S. Coffin, Sam W. Pipes, III, and Lyons, Pipes & Cook, Mobile, and C. C. Richmond, Jackson, Miss., for appellees.

Austill & Austill, Mobile, for appellants.

SIMPSON, Justice.

Complainant, Mrs. Willie Gibson Hodges filed a bill in equity seeking to set aside a deed executed by complainant to respondents Beardsley on October 3, 1936 upon the ground that at the time of the execution of the deed she was a minor, 16 years of age, and upon the additional ground that at said time she was a married woman living with her husband; that they were bona fide residents of Alabama and her husband did not join in the execution of the deed. By amendment complainant also sought to have set aside a quitclaim deed conveying the same property as the 1936 deed which deed was executed by complainant and her husband to respondents Beardsley in 1947. As a ground for cancellation of the latter deed, complainant alleges fraud.

Complainant seeks by this suit to establish her title as tenant in common with respondents Beardsley to an undivided ⅛ interest in the lands in question which complainant and respondent Mrs. Beardsley inherited from one Levi Gibson.

A petition of intervention in the case was filed by A. B. Case, to whom, on September 13, 1956 and prior to the commencement of the suit, complainant and her husband executed an oil, gas and mineral lease of her undivided interest in the land.

The trial of the cause upon testimony taken in open court resulted in a final decree denying relief to complainant Hodges, and to the intervenor, Case, from which decree they have appealed.

We do not deem it necessary to the decision of this case to determine the validity of that deed executed by complainant to respondents Beardsley in 1936 for that we conclude, upon reasons hereinafter stated, the 1947 deed executed by complainant and her husband was valid and operated to pass the title to respondents Beardsley.

The principle is well settled that as between the parties to a deed reciting a valuable consideration, the grantor, in the absence of mistake, fraud or duress, is estopped to deny the recitation. Wilfe v. Waller, 261 Ala. 436, 437, 74 So.2d 451. Nor is mere inadequacy of consideration a sufficient ground for cancelling a conveyance. Smith v. Collins, 148 Ala. 672, 41 So. 825; Porter v. Roberson, 263 Ala. 294, 82 So.2d 244.

Moreover, the 1947 deed recites a valuable consideration and there is evidence which, if believed—and this was within the province of the trial court—supports the conclusion that such consideration was in fact paid.

The degree of proof required to rescind or cancel a conveyance because of fraudulent misrepresentation is more than a mere probability of the truth of the charge of fraud. Smith v. Collins, supra. Fraud, when alleged, must be clearly and satisfactorily proven. Porter v. Roberson, supra.

The evidence offered by complainant in support of her charge of fraud and misrepresentation is clearly insufficient. In fact, there is no evidence of a misrepresentation by respondents or their agent. It appears from complainant's own testimony that she knew she was signing papers which would affect her interest in the land in controversy.

Complainant also insists that the 1947 deed is inoperative for the reason that it was not signed by her husband, one W. E. Entrekin, Jr. The deed in question bore the signature of the said Entrekin and the deed was properly acknowledged before a notary public. An acknowledgment is entitled to great weight and can be impeached only by evidence that is clear and convincing. Porter v. Roberson, supra.

Entrekin, on direct examination in the trial below, testified that he did not sign the deed and on cross-examination, he testified that he did not recall signing the deed. The trial court also had the benefit of comparing Entrekin's signature on the deed in question with his signature on an instrument which Entrekin signed in the presence of the court. We conclude that the objections offered by the complainant to the deed of 1947, i. e., fraud and the failure of the husband to join in the execution, were not satisfactorily proved and thus are not well taken; the said conveyance, therefore, operated to pass the title out of complainant so far as the parties to the quitclaim deed were concerned. Alexander v. Fountain, 195 Ala. 3, 70 So. 669.

On September 13, 1956 and prior to the recording of the 1947 quitclaim deed, complainant and her husband executed an oil, gas and mineral lease of her interest in the land in question to A. B. Case. Case takes the position that he is a bona fide purchaser for value of that interest and without notice of the 1947 quitclaim deed from the complainant to respondents Beardsley.

Section 120, Title 47, Alabama Code 1940 provides in part that all conveyances of real property are inoperative and void as to a purchaser for a valuable consideration without notice unless the same have been recorded before the accrual of the rights of such purchaser.

"In order to constitute one a bona fide purchaser and entitle him to the protection of the rule, as against a prior equity or conveyance, it is essential: '* * * (1) that he is the purchaser of the legal as distinguished from an equitable title; (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefor by paying money or other thing of value, assuming a liability or incurring an injury; (4) that he had no notice, and knew of no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at, or before the time he paid the purchase-money, or otherwise parted with value * * *.'"

Lightsey v. Stone, 255 Ala. 541, 546, 52 So.2d 376, 381,

"It is also equally well-settled law in this state that whatever is sufficient to put a party on inquiry is enough to charge him with notice. Means of knowledge may be equivalent to knowledge. Whatever is sufficient to put one on his guard, and call for inquiry, is notice of everything to which the inquiry would lead."

Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190; Gill v. More, 200 Ala. 511, 520, 76 So. 453, 55 Am.Jur., Vendor & Purchaser, § 697.

The question herein presented is whether or not Case had notice or was chargeable with notice of the 1947 deed which question is one of fact. Alexander v. Fountain, supra; 24 Am.Jur., Gas & Oil, § 24.

While, as in the instant case, a party may deny expressly that he had notice of a fact, yet the circumstances may

be such as to justify the court in concluding that he did have knowledge. 39 Am.Jur., Notice, § 32. Actual notice, as above observed, is a conclusion of fact inferred from all of the evidence. 2 Pomeroy's "Equity Jurisprudence", § 598; see. also City National Bank v. Nelson, 218 Ala. 90, 117 So. 681, 61 A.L.R. 938

 We have read the record with great care and see no reason to discuss in detail the considerable amount of evidence adduced on the issue of notice. Holgerson v. Gard, 257 Ala. 579, 60 So.2d 427, 33 A.L.R.2d 1315. Suffice it to say that the evidence in this cause and the reasonable inferences therefrom support the conclusion that Case had knowledge of facts sufficient to elicit inquiry as to the source of respondents Beardsleys' title and he could and would have ascertained this source had he instituted inquiry. Gamble v. Black Warrior Coal Co., supra, and authorities, supra.

Our conclusion is based in part upon the following evidence: Complainant testified that she was asked by Mr. Case prior to the execution of the lease whether or not she had signed any instrument other than the 1936 deed with respect to the land to the respondents. She further testified that she told him she had not for the stated reason that she did not at that time recall signing anything. Yet it is clear that on another occasion and not more than two weeks prior thereto complainant told another party that she had signed some papers with reference to the property in question for the respondents in 1947.

Evidence was also adduced that the price asked for and received by the complainant was less than the apparent value of the interest leased. Mr. Case, the lessee, traded in land, timber and oil properties. See 2 Pomeroy's "Equity Jurisprudence", § 600.

The uncontroverted facts show that Case purchased with full knowledge that he would prosecute and pay the entire costs of this litigation against the respondents.

See Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 252, 54 So. 272.

The trial court heard the witnesses ore tenus; every presumption will be indulged in favor of his decree which will not be disturbed unless palpably wrong. Parkman v. Ludlum, 260 Ala. 235, 69 So. 2d 434; Fuller v. Blackwell, 246 Ala. 476, 21 So.2d 617; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289. There is ample evidence to support the trial court's decree.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.