This is an appeal from a summary judgment quieting title to Lot 8, Magnolia Terrace, as recorded in Map Book 5, Pages 597-598 of the records in the Office of the Judge of the Probate Court of Mobile County, Alabama; one-half interest in appellant, Rebecca Lott Martin, and one-half interest in appellee, Betty Ann Hallman.
We reverse.
Martin brought this action to quiet title. It was the homeplace of Martin and her former husband, Jaysie Thomas Lott. The property had been conveyed to them jointly with right of survivorship. Subsequently, they were divorced pursuant to an amended decree of the Mobile Circuit Court which provided:
 "* * * that the Complainant and Cross-Respondent shall have the exclusive use of the homeplace located at 1457 Shelton Drive in the City of Mobile but that the title to the said homeplace shall remain as provided in the original deed to the said homeplace, and that the Respondent and Cross-Complainant shall be liable for the regular monthly house note payments on the remaining balance due on the said homeplace."
Despite this decree Lott deeded his interest in the property to Hallman, his daughter by a previous marriage. Thereafter, Lott died and Martin brought this action. Hallman answered and filed a motion for summary judgment with supporting affidavit. The trial judge, who was not the one who granted the divorce, granted the motion based upon pleadings, admissions and affidavit.
The sole issue before this court is whether the quoted divorce decree barred Lott from conveying his interest in the property to Hallman. We hold it did.
Hallman contends the decree simply allowed Lott and Martin to continue owning *Page 276 
the property as joint tenants. Therefore, she reasons, Lott could lawfully convey to her his interest since a joint tenancy is destructible by conveyance. See Nunn v. Keith, 289 Ala. 518,268 So.2d 792 (1972).
This construction of the divorce decree ignores the obvious intent of the trial court which granted the decree of divorce. Had the trial court intended such a result it need not have addressed the issue of ownership of the property. Title to the property would have then remained as it was. See Summerlin v.Bowden, 286 Ala. 391, 240 So.2d 356 (1970).
The decree specifically stated that Martin was to have "the exclusive use of the home-place." If Lott were permitted to convey his interest in the property his grantee could force a sale for division and deny Martin exclusive use of the property, thus thwarting the intent of the divorce decree in that regard. The intention was that title to the property was to pass to the survivor of Lott and Martin upon the death of one.
It is the intent and purpose of the divorce court evidenced from the proceedings and decree as a whole which must control. See generally Coffey v. Cross, 185 Ala. 86, 64 So. 95 (1913). We, therefore, hold the decree prohibited Lott from conveying his interest in the property. His conveyance to Hallman was a fraudulent attempt to defeat the decree and deprive Martin of her lawful right to the exclusive use of the property. As such the conveyance is void and Martin is entitled to the property by right of survivorship. See § 8-9-6, Code 1975.
Accordingly, the judgment of the circuit court is reversed and the case remanded for rendition of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.