This appeal is from a declaratory judgment holding that plaintiffs have title to a parcel of real property located in Decatur, Alabama unencumbered by any claim of defendant.
The pertinent facts are as follows: J. Wayne Key, Thomas A. Caddell, and Jerry E. Coone each owned a one-third interest in a piece of real estate in Decatur, Alabama. Coone entered into a contract of sale of the land to Key and Caddell on March 19, 1976. This contract was not recorded in the Probate Office of Morgan County, Alabama.
On February 1, 1978 First Alabama obtained issuance of a writ of attachment against Coone. This attachment was served by the sheriff on February 8, 1978 on the property involved in this lawsuit.
On March 28, 1978 Key and Caddell received the deed to the "suit property." According to the testimony the delay in taking delivery of the deed was caused by the apprehension of Key and Caddell over whether they should make the final payment under the contract. The deed had been executed by Coone on August 31, 1977.
On October 11, 1978 First Alabama obtained a judgment against Coone and a condemnation of his interest in the "suit property" in Decatur to satisfy the sum of $6,883.12. Part of this debt had been satisfied by other security held by First Alabama but on November 5, 1979 the sheriff of Morgan County sold and First Alabama purchased Coone's purported interest in the real estate in Decatur for the sum of $2,788.86. A deed was issued to First Alabama for the "suit property." Key and Caddell now seek to have that deed set aside and their title to the property established.
The applicable statute in this case is § 35-4-90 (a), Code of Alabama 1975, and is as follows:
 (a) All conveyances of real property, deeds, mortgages, deed of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.
Plaintiffs admit that First Alabama was a "judgment creditor" within the meaning of § 35-4-90 (a) as of February 1, 1978, which is the date of record attachment in aid of its pending suit, but contend that First Alabama had actual notice of their unrecorded contract rights in the property prior to attachment and, therefore, cannot claim title to the property in question.
It is undisputed that plaintiffs had not recorded their contract of sale in the Morgan County Probate Office and thus there was no constructive notice to First Alabama of their claim to the property in question. They contend, however, that First Alabama had actual knowledge of their ownership claim as a result of several means of notice. To this court, the determinative means of notice of plaintiffs' claim of ownership was the evidence that plaintiff Caddell told an attorney reportedly investigating title to the "suit property" for First Alabama that he and plaintiff Key had bought or were buying Coone's interest in the property. There was no evidence introduced by First Alabama in contradiction of this testimony.
In Alexander v. Fountain, 195 Ala. 3, 70 So. 669 (1916), the Supreme Court said:
 [A]ctual notice is equivalent to the constructive notice afforded by the registration of the conveyance. The whole object and design of the statute is said to be to give notice of the existence of the conveyance.
Furthermore, it has been held that whatever is sufficient to put one on inquiry as to the titleholder is enough to charge him with notice. Means of knowledge may be equivalent to knowledge. Whatever is sufficient to put one on guard, and call for inquiry, is notice of everything to which inquiry would lead. Gamble v. Black Warrior Coal Co., 172 Ala. 669,55 So. 190 (1911); Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376
(1951); Hodges v. Beardsley, 269 Ala. 280, 112 So.2d 482
(1959). *Page 69 
The question whether First Alabama had actual notice of plaintiffs' claim to the property in question was one of fact for the trier of fact. The trial court sitting without a jury concluded that First Alabama had knowledge of plaintiffs' claim to the property, and, after a careful examination of the evidence, we cannot say that the trial court was plainly and palpably wrong in its conclusion.
The evidence is uncontroverted that First Alabama was told that plaintiffs had bought or were buying the property in question. We consider this evidence plus the inferences to be gleaned therefrom to be sufficient to elicit inquiry as to the source and status of plaintiffs' claim to the property in question.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.