Mildred Marie BURNETT, Plaintiff–Appellant,

v.

ROY MARTIN CONSTRUCTION, INC., a corporation; Roy Martin, individually and as an agent, servant, employee, officer, director and stockholder of Roy Martin Construction, Inc., a corporation; F.C. Burnett; A Parcel of Land located in the South ½ of the SE ¼ of the ¼ of Section 18, Township 20 South, Range 2 West, Shelby County, Alabama, etc., Defendants–Appellees.

No. 87–7377.

United States Court of Appeals, Eleventh Circuit.

June 16, 1988.

Carl E. Chamblee, Sr., Gardendale, Ala., for plaintiff-appellant.

Robert L. Wiggins, Jr., Gordon, Silberman, Wiggins & Childs, Robert F. Childs, Jr., Dennis G. Pantazis, Birmingham, Ala., for defendants-appellees.

Before RONEY, Chief Judge, CLARK, Circuit Judge, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

## I. FACTS

Mildred M. Burnett brought this action to quiet title to residential realty located in Shelby County, Alabama. She sought to recover compensatory and punitive damages for fraud and conspiracy against defendants Roy Martin Construction, Inc., as the buyer of the realty, and its president, Roy Martin, individually and in a corporate capacity,[1] F.C. Burnett, as the seller of the realty, and the parcel of land in question.

F.C. Burnett, ex-husband of complainant Mildred Burnett, never filed an appearance and the district court granted a default judgment against him in May 1987. Roy Martin filed a motion to dismiss which was denied. Roy Martin then filed a motion for summary judgment. Mildred Burnett filed a motion for partial summary judgment. After reviewing the complaint, the depositions, and the affidavits which contained copies of the pertinent deeds, the district court denied Mildred Burnett's motion and granted the motion of Roy Martin.

The tract of land in controversy comprised approximately fifteen acres of land. Mildred Burnett and F.C. Burnett bought the property from F.C. Burnett's father in 1956. The Burnetts were divorced in June 1964, and pursuant to the divorce Mildred Burnett transferred all of her interest in the realty to F.C. Burnett by a deed dated June 3, 1964. Two months later, the Burnetts remarried. In 1981, however, F.C. Burnett initiated a second divorce. The Circuit Court of Shelby County granted the final divorce decree on December 1, 1981. The portion of the decree referring to the property in question reads in pertinent part:

It is further ordered that the plaintiff [F.C. Burnett] is hereby awarded exclusive right to possession and occupancy to the domicile of the parties located at Route 3, Box 982, Pelham, Alabama 35124. Title to said real property remains vested in the plaintiff and defendant as joint tenants with the right of survivorship. In the event of remarriage of the defendant, Mildred Marie Burnett, defendant shall convey all her right, title and interest in said real property to the plaintiff, subject to an equitable lien in favor of the granddaughter of the parties, in an amount equal to one-half of the net proceeds derived from any sale of said realty. Anything to the contrary notwithstanding contained in this agreement, on the death of the defendant, Mildred Marie Burnett, the title to said real property shall vest absolutely in the

---

1. Roy Martin purchased the realty on behalf of Roy Martin Construction, Inc. Roy Martin and Roy Martin Construction, Inc., will be referred to collectively as "Roy Martin" for purposes of this opinion.

plaintiff, free of and from the equitable lien provided hereinabove....

Notwithstanding any provision contained herein, the parties hereto by mutual consent can sell real property and the net proceeds from such sale shall be divided equally between them.

The Alabama court never issued a clerk's deed or registrar's deed pursuant to the above portion of the divorce decree, nor did Mildred Burnett ever record any title or claim to the property until the tract had been conveyed to Roy Martin.

In 1982, F.C. Burnett approached Roy Martin in regard to sale of the property. From a conversation with Mildred Burnett, Roy Martin learned she was claiming an interest in the property by virtue of the 1981 divorce decree. Roy Martin, therefore, terminated further consideration of purchasing the property.

Roy Martin was approached again about buying the property in 1986. Roy Martin ordered a title search from a title company requesting that the title company specifically search for recordation of any claim to title of the property by Mildred Burnett. When the title company did not find any reference thereto, Roy Martin bought the property for $35,000.

Mildred Burnett contends that the sale was a fraudulent attempt to defeat the 1981 divorce decree and deprive Mildred Burnett of her lawful right to an interest in the residential realty. Roy Martin asserts that the decree upon which Mildred Burnett relies did not convey title to the property because the decree was not accompanied by a clerk's or registrar's deed as required by Alabama law. We hold that the quoted divorce decree of December 1, 1981, barred F.C. Burnett from conveying the entire interest in the realty to Roy Martin. We, therefore, reverse the grant of summary judgment and remand the case back to the district court for trial.

## II. DISCUSSION

A motion for summary judgment must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Rule 56(c) of the Fed. R.Civ.P. precludes summary judgment unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Mildred Burnett's interest in the realty was clearly delineated by the final decree of divorce of December 1, 1981. Whatever her real and complete interest in the residential and marital properties were prior to the invocation of the jurisdiction, power and authority of the Circuit Court of Shelby County, Alabama, there can be no dispute as to what the intentions of the court were at the time of its entry of the final decree. A close reading of the decree shows an absolute settlement of the residential and marital properties for the benefit of the two litigants and a third party beneficiary, their granddaughter.

In granting Roy Martin's motion for summary judgment, the district court found that in order to prevail on either her request to quiet title or her claim of conspiracy and fraud, Mildred Burnett must show that she had vested title to the real estate. The district court's finding thwarted the intent of the divorce decree in regard to the realty. Such a finding is contrary to the law of Alabama as set out in *Martin v. Magnolia Terrace*, 366 So.2d 275 (Ala.1979). As the Supreme Court of Alabama recognized in *Martin v. Magnolia Terrace, supra,* the divorce court need not address the issue of ownership of the property, but the Circuit Court of Shelby County, Alabama, did, in fact, address the issue, not only of property ownership, but property possession as well.

It is the intent and purpose of the divorce court, evidenced from the proceedings and decree as a whole which must control. *Martin v. Magnolia Terrace, supra; Coffey v. Cross*, 185 Ala. 86, 64 So. 95 (1913). We, therefore, hold the decree prohibited Burnett from conveying his interest in the property.

Roy Martin asserts that "[e]ven if Mildred Burnett had a claim of title to the property, she did not protect that interest by properly documenting and recording her

interest." Roy Martin relies heavily on Sec. 35–4–90(a), Code of Alabama. In *First Alabama Bank of Huntsville v. Key*, 394 So.2d 67 (Ala.Civ.App.1981) the Alabama Court of Civil Appeals, faced with an unrecorded conveyance and the application of Sec. 35–4–90(a), held that actual notice of a plaintiff's interest was sufficient to render inoperative the application of Sec. 35–4–90(a). *See also Alexander v. Fountain*, 195 Ala. 3, 70 So. 669 (1916). Roy Martin clearly had actual notice of Mildred Burnett's claim. Roy Martin, therefore, is not entitled to any protection under Sec. 35–4–90(a). Roy Martin proceeded with the sale of the realty without due regard to the pronouncements of the Circuit Court of Shelby County in its final decree of divorce and against the full force and effect of the holding of the Supreme Court of Alabama in *Martin v. Magnolia Terrace, supra.*

Accordingly, the judgment of the district court granting summary judgment is REVERSED and the case is REMANDED for trial.